**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZILLOW GROUP, INC. and ZILLOW, INC., | Case No. 1:26-cv-05451 |
| *Plaintiffs*, | |
| v. | Judge: Hon. John J. Tharp, Jr. |
| MIDWEST REAL ESTATE DATA LLC, COMPASS, INC., and COMPASS ILLINOIS, INC., | |
| *Defendants*. | |

**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiffs Zillow Group, Inc. and Zillow, Inc. ("Zillow") request a Court Order permitting narrow expedited discovery to develop evidence to support Zillow's pending Motion for Preliminary Injunction. *See* Dkt. 21. Specifically, Zillow seeks to propound limited Requests for Production ("RFP"): one set of four (4) RFPs to Defendant Midwest Real Estate Data LLC ("MRED"), and one set of five (5) RFPs to Defendants Compass, Inc. and Compass Illinois, Inc. (together, "Compass") (all collectively, "Defendants"). Zillow requests that Defendants produce responsive documents within fourteen (14) days of the Court's Order. Zillow also seeks to depose: (1) MRED CEO Rebecca Jensen; (2) Compass CEO Robert Reffkin; and (3) a third deponent to be determined after Zillow has reviewed Defendants' document productions.

The Federal Rules of Civil Procedure afford the Court discretion to permit expedited discovery upon a finding of "good cause." Fed. R. Civ. P. 26(d); *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). In making the good cause determination, courts consider the

1

entire record including whether a preliminary injunction motion is pending and the scope and reasonableness of the discovery requests. *See Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). Courts routinely expedite discovery where such discovery is necessary for proper consideration of a motion for preliminary injunction. *See, e.g.*, *Ragold, Inc. v. Ferraro, U.S.A., Inc.*, 506 F. Supp. 117, 129-30 (N.D. Ill. 1980); *Fidelity Brokerage Servs. LLC v. Taylor*, 2022 WL 2791804, at *1 (N.D. Ill. July 15, 2022) (Tharp, J.).

Good cause exists for Zillow's requested discovery, which is essential to develop the evidence exclusively in Defendants' possession of their conspiracy and related communications, and mount the necessary showing that Zillow is likely to succeed on the merits of its claims under Sections 1 and 2 of the Sherman Act at any preliminary injunction hearing.

**Requests for Production.** Zillow's proposed RFPs, attached as Exhibit A for MRED and Exhibit B for Compass, are modest in number (five or fewer per party) and scope (from September 2025 to present). The RFPs are targeted at the documents and information most central to establishing Defendants' illegal conspiracy (which began as early as October 2025) and exploitation of MRED's monopoly, and that Zillow could not otherwise obtain without discovery.

As detailed in the Complaint (Dkt. 1), and Zillow's Motion for Preliminary Injunction (Dkt. 21), MRED is the monopolist multiple listing service ("MLS") in Chicagoland and Compass is the largest real estate brokerage in the country. Each operates a competing private listing network ("PLN") in the market for Chicagoland Residential Real Estate Listing Creation and Distribution. *See* Declaration of Errol Samuelson ("ES") (Dkt. 23) ¶¶12, 32-36. Yet Defendants have banded together to leverage MRED's control over Chicagoland listings to boycott Zillow, a mutual competitor whose pro-consumer and pro-transparency business model (including its Listing Access Standards and new product Zillow Preview) threaten Defendants' PLN business models.

Defendants' conspiracy to block competition from Zillow and its nascent product Zillow Preview has unfolded in several escalating steps, including but not limited to: Revised Rules that MRED claims effectively block pro-transparency business models like Zillow's Listing Access Standards ("Standards") (ES ¶¶37-42, 51-60; *see also* Declaration of Matthew Hendricks ("MH") (Dkt. 24) ¶6); repeated, coordinated threats to coerce Zillow to abandon its Standards and comply with MRED's Revised Rules or else lose access to MRED's Listing Feeds, a critical input necessary for Zillow Preview and other Zillow products to compete in Chicagoland (ES ¶¶61-66; MH ¶¶9-11); a national MRED-Compass alliance (ES ¶¶74-75); notices of non-compliance purporting to apply the Revised Rules to Compass listings outside of Chicagoland, thus expanding Defendants' anticompetitive conspiracy and exploitation of MRED's listings monopoly to a national scale (*id.* ¶¶76-78); and most recently, outreach to yet another MLS pressuring it to cut off Zillow's listing feeds under penalty of Compass withholding support or benefits (*id.* ¶79).

Only Defendants possess the documents and communications that most directly evidence their mutual intent to undertake the above steps in furtherance of a concerted scheme, and to willfully wield MRED's monopoly power to exclude competition, as is necessary to establish Zillow's antitrust claims. Zillow's RFPs are discrete and narrowly tailored to obtain the critical evidence necessary to support Zillow's Motion for Preliminary Injunction.

**Depositions.** Zillow also seeks to depose three individuals, all of whom uniquely possess highly relevant and probative first-hand knowledge of Defendants' unlawful conduct.

MRED CEO Rebecca Jensen and Compass CEO Robert Reffkin engineered Defendants' group boycott of Zillow and abuse of MRED's listings monopoly. Each thus has unique personal knowledge of the conspiracy and their oral communications are non-duplicative of information available from other witnesses or documents. Over months, Jensen and Reffkin have worked in

lockstep together, each personally taking significant and coordinated steps to accomplish their shared goal of suppressing competition from Zillow. First, in or around October 2025, Reffkin messaged multiple MLSs across the country urging them to terminate Zillow's access to MLS listing data feeds based on Zillow's enforcement of its Standards. ES ¶¶51-52. Soon after, Jensen began threatening Zillow that MRED would terminate Zillow's access to MRED's Listing Feeds if Zillow enforced its Standards. *Id.* ¶¶62-65; MH ¶¶9-10. Jensen also sits on the Board of Managers of MLS Grid—the organization that recently sent Zillow notices of non-compliance with MRED's Revised Rules as applied to several Compass listings nationwide. ES ¶¶15, 77-78. Compass also appears to have had advance notice of MRED's and MLS Grid's intention to terminate Zillow's access to MRED's listing feeds (*id.* ¶80), further suggesting a coordinated effort to deprive Zillow of a critical input that it needs to compete.

Zillow's direct and circumstantial evidence already paints a damning picture of two competitors conspiring to orchestrate a coordinated attack against legitimate competition from Zillow, first in Chicagoland and now on a national scale. But Zillow does not have access to all the critical facts bearing on this misconduct. Jensen and Reffkin can testify to the goals, details, and additional acts in furtherance of Defendants' conspiracy—the extent of which likely is not captured in Defendants' documents alone. Their testimony will be critical to establishing a likelihood of success on the merits of Zillow's antitrust claims.

Third Deponent. Zillow also requests a third deposition of a witness to be determined after Zillow has reviewed Defendants' documents productions. Potential deponents include, but are not limited to, Compass Head of Industry Relations Caitlin McCrory or Compass Regional Vice President Fran Broude. Both McCrory and Broude appear to have substantially contributed to Defendants' conspiracy.

4

McCrory, like Reffkin, contacted other MLSs in an effort to malign Zillow and urge allegiance to Compass through thinly veiled threats. For example, in a May 11, 2026 email to Hive MLS, McCrory claimed that Zillow, through its Zillow Preview product, is "directly seeking to disintermediate the MLS" and urged the MLSs to "rigorously enforce existing policies"—i.e., to terminate Zillow's access to listing feeds—or else Compass would start competing with Hive MLS (and others, including Zillow Preview and any MLS that did not accede to Compass's demands) through a listing "add/edit" feature. ES ¶79.

Broude is Compass's Regional Vice President for Chicagoland as well as a member of MRED's Board of Managers. *Id.* ¶80. She also refers to herself as the "president of Compass Illinois." *Id.* Broude has also taken affirmative steps in furtherance of Defendants' conspiracy. For example, on February 17, 2026, Broude terminated Compass's pre-existing agreements to provide direct listing feeds to Zillow in Chicagoland. *Id.* ¶71. On or around May 11, 2026, Broude stated to a Compass agent that MRED was "going to be banning Zillow from getting any listing feeds, which would of course mean no more leads at all for agents." *Id.* ¶80.

Both McCrory's and Broude's conduct evinces knowledge of and steps taken in furtherance of the anticompetitive agreement between Compass and MRED to boycott their mutual competitor, Zillow. They are each highly likely to have unique, firsthand knowledge relevant to Zillow's conspiracy and monopolization claims. Document review will confirm whose testimony is most instrumental for purposes of expedited discovery and any preliminary injunction hearing.

In sum, Zillow's requested discovery is narrowly tailored, will probe the evidence uniquely in the possession of Defendants that is necessary to prosecute Zillow's claims, and enable the Court to resolve Zillow's Motion for Preliminary Injunction on the basis of a more fulsome record. Zillow respectfully requests that the Court grant this Motion and issue an Order: (1) granting

5

Zillow leave to serve the RFPs attached as Exhibit A and Exhibit B, and directing MRED and Compass to produce responsive documents by no later than fourteen (14) days from the date of the Court's Order; and (2) granting Zillow leave to conduct the depositions of Rebecca Jensen, Robert Reffkin, and a third deponent to be determined, with depositions to be completed within fourteen (14) days of the deadline to complete expedited document discovery.[1]

Dated: May 18, 2026

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Bonnie Lau*
Bonnie Lau (admitted *pro hac vice*)
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: blau@wsgr.com

Brian J. Smith (IL Bar No. 6321543)
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (866) 974-7329
Email: brian.smith@wsgr.com
*Admitted to practice only in Illinois and Maine*

Beau W. Buffier (admitted *pro hac vice*)
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: bbuffier@wsgr.com

Nicholas R. Sidney (admitted *pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

---

[1] Counsel for Zillow met and conferred regarding the requested relief with opposing counsel on May 18, 2026. Counsel for Compass advised by phone that additional time was needed to evaluate the requested relief and therefore no position was provided before this filing. Counsel for MRED did not take a position on Zillow's motion as of the time of this filing.

6

Facsimile: (866) 974-7329
Email: nsidney@wsgr.com

*Attorneys for Plaintiffs Zillow Group, Inc. and*
*Zillow, Inc.*