**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZILLOW GROUP, INC. and ZILLOW, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> MIDWEST REAL ESTATE DATA LLC, COMPASS, INC., and COMPASS ILLINOIS, INC., <br><br> *Defendants*. | Case No. 1:26-cv-05451 <br><br> Judge: Hon. John J. Tharp, Jr. |

## <u>AGREED CONFIDENTIALITY ORDER</u>

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential, Highly Confidential - Attorneys' Eyes Only, or Highly Confidential – Outside Counsel's Eyes Only Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research,

1

technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case, (h) previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (i) previously non-disclosed material relating to ownership or control of any nonpublic company; (j) previously non-disclosed business plans, product development information, or marketing plans; (k) any information of a personal or intimate nature regarding any individual; or (l) any other category of information hereinafter given Confidential status by the Court. Information or documents that are available to the public may not be designated as Confidential Information.

**3.** **Highly Confidential Information:**

**(a)** As used in this Order, "**Highly Confidential - Attorneys' Eyes Only**" information means information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" by the producing party that is among that considered to be extremely sensitive by the producing party, including but not limited to trade secrets or other confidential research, development, financial or other highly sensitive commercial information, and for which disclosure, other than as permitted in paragraph 6(c) below, the producing party reasonably and in good faith believes is substantially likely to cause competitive or financial injury to the producing party.

**(b)** As used in this Order, "**Highly Confidential - Outside Counsel's Eyes Only**" Information means trade secret or highly confidential and extremely sensitive research, development, or financial information designated as "HIGHLY CONFIDENTIAL - OUTSIDE

2

COUNSEL'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER" by the producing party that is extremely competitively sensitive and for which the producing party has reviewed, reasonably and in good faith believes, that disclosure of the information to anyone other than outside counsel and others permitted in paragraph 6(d) would be substantially likely to result in serious financial or competitive harm to the designating party that could not be avoided by less restrictive means. The parties expressly understand that this classification is meant to be extremely narrow and to encompass trade secret or other highly confidential, non-public financial or competitive documents that, if shared with the other parties, would be highly likely to result in serious financial or competitive harm.

(c)     With respect to Highly Confidential – AEO Material and Highly Confidential – OCEO Information, the party must take care to limit any designation to specific information that qualifies under each designation. To the extent it is practical and not unduly burdensome to do so, the party must designate for protection only those parts of the material that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this provision of this Protective Order. With respect to Highly Confidential – OCEO Information in particular, the designating party must have reasonable, good faith belief that its designation of such material meets the definition set forth above, and must be prepared to promptly meet and confer and provide its reasoning for any such designations at the request of any other party.

(d)     Highly Confidential – AEO and Highly Confidential – OCEO Information must be clearly so designated before the material is produced.

4.     **Designation.**

3

(a)     A party may designate a document as Confidential Information, or Highly Confidential - AEO Information, or Highly Confidential - OCEO Information (collectively hereinafter "Protective Order Information) for protection under this Order by placing or affixing the words "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER", "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER", or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (collectively hereinafter "Confidentiality Designation") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protective Order Information. The Confidentiality Designation marking shall be applied prior to or at the time of the documents are produced or disclosed. Applying the Confidentiality Designation marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked with a Confidentiality Designation shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protective Order Information are not required to be marked.

(b)     The designation of a document as Protective Order Information is a certification by an attorney or a party appearing pro se that the document contains Protective Order Information as defined in this Order.

5.     **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the

4

expiration of the following: (a) For deposition testimony taken after any preliminary injunction hearing in this case, no later than the 30th day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given; (b) for deposition testimony taken before any preliminary injunction hearing in this case, no later than the 5th day after the transcript is delivered to any party or the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, or Highly Confidential - AEO Information, or Highly Confidential - OCEO Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. If a party wishes for a higher designation of any portion of the deposition testimony during this time period, it must make that designation on the record during the deposition of only those portions of the record that it believes in good faith warrant a higher designation. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, or Highly Confidential - AEO Information, or Highly Confidential - OCEO Information, unless otherwise ordered by the Court.

6. **Protection of Confidential Material.**

(a) **General Protections.** Protective Order Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b)-(f) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) **Limited Disclosures of Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these

requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(3) **The Court and its personnel;**

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary but only after such persons have

completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Limited Disclosures of Highly Confidential - AEO Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential – AEO Information to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential – AEO Information:

(1) **Outside Counsel.** Counsel of record for the parties who have appeared in this proceeding, including employees of such counsel who have responsibility for the action;

(2) **In-House Counsel.** Counsel who are employees of the receiving party whose assistance is reasonably necessary to the conduct of the litigation but only after

7

such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. In-House Counsel may orally discuss summaries of information, testimony or documents designated as Highly Confidential – AEO with other employees, and how such information might impact this litigation, in a manner that does not reveal the specific information that is so designated;

(3) **The Court and its personnel;**

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and who are either (a) employees or otherwise affiliated with the producing party or (b) likely to have knowledge of the information or document designated as Highly Confidential – AEO.

Witnesses shall not retain a copy of documents containing Highly Confidential – AEO Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential – AEO Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8) Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(d)      Limited Disclosures of Highly Confidential - OCEO Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential – OCEO Information to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential – OCEO Information:

**(1) Outside Counsel.** Counsel of record for the parties who have appeared in this proceeding, including employees of such counsel who have responsibility for the action;

**(2) Designated In-House Counsel.** A maximum of four designated in-house counsel who are employees of the receiving party  and who meet all of the following additional conditions: (1) have little to no involvement in

9

competitive decision-making, (2) are persons to whom disclosure of Highly Confidential – OCEO Information is reasonably necessary for this litigation, (3) whose names have been disclosed to the designating person, and (4) have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(3) The Court and its personnel;**

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6) Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and who are either (a) employees or otherwise affiliated with the producing party or (b) likely to have knowledge of the information or document designated as Highly Confidential - OCEO. Witnesses shall not retain a copy of documents containing Highly Confidential

10

– OCEO Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential – OCEO Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8) Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(e)     Use of Highly Confidential – OCEO Information.** Where a person has designated material Highly Confidential – OCEO, a party's Designated In-House Counsel may orally discuss only high-level summaries of information, testimony or documents designated as Highly Confidential – OCEO with other employees and in-house counsel, and how such information might impact this litigation, in a manner that does not reveal the specific information that is so designated.

**(f)     Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protective Order Information. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**7.     Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Protective Order Information does not, standing alone, waive the right to so designate the

document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protective Order Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protective Order Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Protective Order Information.

8. **Privilege Clawback.** If information is inadvertently produced that is subject to a claim of attorney-client privilege, attorney work product, or other applicable privilege or immunity, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled. Any information that is produced in discovery that is protected as privileged or work product shall be dealt with pursuant to the Protective Order.

9. **Filing of Protective Order Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protective Order Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

10. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it

12

requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Protective Order Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Protective Order Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion, not to exceed five pages, that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party, including to meet the specific standards for the applicable designation as set forth above. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protective Order Information under the terms of this Order.

12. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Protective Order Information shall be by motion. Nothing in this Order

or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13.     **Use of Protective Order Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protective Order Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protective Order Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14.     **Protective Order Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protective Order Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protective Order Information in the court from which the subpoena or order issued. The

14

designating party shall bear the burden and the expense of seeking protection in that court of its Protective Order Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protective Order Information by the other party to this case.

15. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within ninety days after dismissal or entry of final judgment not subject to further appeal, all Protective Order Information and documents marked with a Confidentiality Designation under this Order, including copies as defined in ¶ 4(a), shall be destroyed by the receiving party unless the document has been offered into evidence or filed without restriction as to disclosure, provided however that a receiving party shall not be required to locate, isolate and destroy e-mails (excluding attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protective Order

Information so long as that work product does not duplicate verbatim substantial portions of Protective Order Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protective Order Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protective Order Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protective Order Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Date: June 3, 2026

John J. Tharp, Jr.
United States District Judge


WE SO MOVE and agree to abide by the terms of this Order:

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Bonnie Lau*
Bonnie Lau (admitted *pro hac vice*)
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: blau@wsgr.com


Brian J. Smith (IL Bar No. 6321543)
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (866) 974-7329
Email: brian.smith@wsgr.com
*Admitted to practice only in Illinois and Maine*


Beau W. Buffier (admitted *pro hac vice*)
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: bbuffier@wsgr.com


Nicholas R. Sidney (admitted *pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500
Facsimile: (866) 974-7329
Email: nsidney@wsgr.com

*Attorneys for Plaintiffs Zillow Group, Inc.
and Zillow, Inc.*

Dated: June 2, 2026

/s/ *Nathan P. Eimer*
Nathan P. Eimer
Vanessa G. Jacobsen
Brian Y. Chang
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Fax: (312) 692-1718
neimer@eimerstahl.com
vjacobsen@eimerstahl.com
bchang@eimerstahl.com

*Counsel for Defendants
Compass, Inc. and Compass Illinois, Inc.*


/s/ *Stephen D. Libowsky*
Stephen D. Libowsky
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin St. (Suite 2600)
Chicago, IL 60606
(312) 477-4798
slibowsky@manatt.com
Attorney No. 6187081


Dylan M. Carson (*pro hac vice*)
Joshua N. Drian (*pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Ave. NW (Suite 600)
Washington, D.C. 20036
Telephone: (202) 585-6500

*Counsel for Defendant
Midwest Real Estate Data, LLC*

Dated: June 2, 2026

17

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ZILLOW GROUP, INC. and ZILLOW, INC., <br><br>     *Plaintiffs*, <br><br> v. <br><br> MIDWEST REAL ESTATE DATA LLC, COMPASS, INC., and COMPASS ILLINOIS, INC., <br><br>     *Defendants*. | Case No. 1:26-cv-05451 <br><br> Judge: Hon. John J. Tharp, Jr. |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated June 3, 2026 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Protective Order Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protective Order Information to any other person, firm or concern.

19

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ _____

Signature