**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ZILLOW GROUP, INC. and ZILLOW, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> MIDWEST REAL ESTATE DATA LLC, COMPASS, INC., and COMPASS ILLINOIS, INC., <br><br> *Defendants*. | Case No. 1:26-cv-05451 <br><br> Judge: Hon. John J. Tharp, Jr. |

**PLAINTIFFS' MOTION TO COMPEL**

Pursuant to the Court's May 26, 2026 Order, Plaintiffs Zillow Group, Inc. and Zillow, Inc. ("Zillow") timely served three Interrogatories each on Defendant Midwest Real Estate Data LLC ("MRED") and Defendants Compass, Inc. and Compass Illinois, Inc. (together "Compass") (all collectively "Defendants") on May 29, 2026. Exs. A, B. Defendants do not dispute that the Interrogatories seek information that is directly relevant to Zillow's group boycott conspiracy and monopolization claims, but only object to the burden of responding to them in expedited discovery. During the parties' meet and confer on June 2, Zillow proposed multiple ways to narrow the scope of three of these Interrogatories (Nos. 1 and 2 served on MRED and No. 1 served on Compass). Defendants have declined to suggest any compromise, and refuse to provide *any* response to these disputed Interrogatories by the Court's June 5, 2026 deadline.[1] Because these Interrogatories seek

---

[1] MRED and Compass each agreed to respond to Interrogatory No. 3 by the June 5, 2026 written discovery deadline. Compass further agreed to respond to Interrogatory No. 2 by June 12, 2026.

critical information regarding Defendants' conspiratorial communications that cannot be obtained through custodial document productions and are appropriately tailored for expedited discovery, Zillow moves for an order compelling MRED to respond to Zillow's Interrogatory Nos. 1 and 2 and Compass to respond to Zillow's Interrogatory No. 1, as narrowed below, by the June 5, 2026 written discovery deadline.

## ARGUMENT

### I. Defendants Do Not Dispute That Zillow's Interrogatories Seek Relevant Information

Each of these Interrogatories requests information that is central to Zillow's claims. Zillow alleges that MRED and Compass formed a conspiracy to deprive Zillow of for-sale residential property listings in Chicagoland. Compl. ¶¶ 175-86. Because at least some of their communications likely took place by phone or in person, and would not be captured in the documentary record, Zillow's Interrogatory No. 1 to MRED and Interrogatory No. 1 to Compass each request a list of "every discussion, message, and phone call between Compass and MRED during the Relevant Time Period" regarding Zillow. Ex. A at 5; Ex. B at 5. Information regarding the frequency and substance of communications between the co-conspirators speaks directly to the existence and operations of that conspiracy. *Toys "R" Us, Inc. v. F.T.C.*, 221 F.3d 928, 932, 935-36 (7th Cir. 2000) (communications between competing manufacturers provided "direct evidence" of horizontal agreement). Such an interrogatory is routine in conspiracy cases. *See Advanced Magnesium Alloys Corp. v. Dery*, 2021 WL 2915256, at *3-5 (S.D. Ind. Apr. 19, 2021) (compelling supplemental response to interrogatory that sought identification and dates of "all Communications" between co-conspirators). Indeed, Interrogatory No. 1 is substantively identical to an interrogatory that Compass served on Zillow during expedited discovery for Compass's

failed preliminary injunction motion in the Southern District of New York—to which Zillow timely responded.[2]

Interrogatory No. 2 to MRED is central to Zillow's claim that MRED unlawfully sought to maintain its monopoly power over the Chicagoland listing creation and distribution market. It requests a list of "every discussion, message, and phone call between or among MRED, any of MRED's Board of Managers, and any of MRED's member brokerages during the Relevant Time Period regarding Broker Feed agreements with Zillow, Zillow's Listing Access Standards, changes to MRED's rules, or Zillow's compliance with MRED rules." Ex. A at 5-6. As Zillow alleges, MRED revised its IDX and VOW rules at Compass's urging as a pretext to retaliate against Zillow's implementation of its Listing Access Standards and to terminate Zillow's access to MRED's listing feed. Compl. ¶ 102. The communications among MRED, its member brokers, and its Board of Managers—three of whom are Compass-affiliated—regarding Zillow's Listing Access Standards, MRED's rule revision, and Zillow's purported compliance with the revised rules, are key to understanding whether MRED acted monopolistically and with exclusionary intent as to Zillow and competition overall.

## II. Zillow's Interrogatories Are Appropriately Tailored to Expedited Discovery

MRED objected on June 1 that Interrogatory Nos. 1 and 2 were unduly burdensome because they seek a list of every discussion, message, and phone call between MRED, Compass, and MRED's member brokers. Counsel for Compass echoed MRED's objections the next day.

---

[2] Compass's Interrogatory No. 1 in the SDNY case requested a list of "every discussion, message, and phone call between Zillow and Redfin between August 1, 2024 to June 23, 2025 regarding the Zillow Ban or Compass (including Compass's Three-Phased Marketing Strategy or Compass's public marketing strategies). For each discussion and phone call, list the participants, the requesting or calling party, the discussion and call length, and the subject discussed."

3

Acknowledging the short timeline of expedited discovery, Zillow requested a meet-and-confer call later that day to discuss narrowing the Interrogatories to resolve Defendants' objections.

During the June 2 conferral, Zillow offered to significantly narrow the scope of the Interrogatories in several ways. First, Zillow offered to limit the Interrogatories to oral or in-person communications, recognizing that relevant email communications would likely be captured in Defendants' document productions. Second, Zillow proposed limiting Defendants' investigation to the two agreed-upon custodians for each Defendant. In other words, Defendants would need only identify relevant oral and in-person discussions for Robert Reffkin and Fran Broude for Compass, and for Rebecca Jensen and Chris Haran for MRED. Third, Zillow offered to limit the topics covered by Interrogatory No. 1 to the issues most pertinent to Zillow's conspiracy claims, rather than every conversation about Zillow generally. Finally, Zillow invited MRED and Compass to propose further limitations to the Interrogatories that would permit them to conduct good-faith investigations and respond by the written discovery deadline.

On June 3, Defendant MRED stood on its objections, rejected Zillow's proposals, and refused to substantively respond to Interrogatory Nos. 1 and 2. Compass similarly stood on its objections and refused to substantively respond to Interrogatory No. 1.

None of Zillow's Interrogatories are unduly burdensome, particularly given the narrowed scope proposed by Zillow. *See RC Trailers, Inc. v. Darkhouse Cargo, Inc.,* 2019 WL 13218401, at *2-3 (N.D. Ind. Dec. 6, 2019) (compelling response to expedited interrogatory as narrowed to target communications most relevant to TRO). For Interrogatory No. 1 to both Defendants and Interrogatory No. 2 to MRED, Zillow seeks only a list of the in-person or oral communications during the Relevant Time Period that relate to issues that are core to Zillow's claims, for the two agreed custodians from each Defendant. Defendants' burden objections ring hollow, and are

particularly hypocritical as to Compass, as Zillow responded to a near-identical interrogatory during expedited PI discovery in SDNY just last year. And because in-person and oral conspiratorial communications would necessarily not be captured in Defendants' document productions, the information sought through these Interrogatories is critical to Zillow's PI and unavailable through other discovery devices.

Zillow's Interrogatories are directly relevant to establishing likelihood of success on its antitrust claims and appropriately tailored to the limited expedited discovery ordered in this case. Defendants' burden objections are meritless and unfounded.

**CONCLUSION**

For the foregoing reasons, the Court should issue an order compelling, by the June 5, 2026 deadline for expedited written discovery, (i) MRED to respond to Zillow's Interrogatories Nos. 1 and 2 as to in-person and oral communications involving Rebecca Jensen or Chris Haran and (ii) Compass to respond to Zillow's Interrogatory No. 1 as to in-person and oral communications involving Robert Reffkin or Fran Broude.

Dated: June 3, 2026

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Bonnie Lau*
Bonnie Lau (admitted *pro hac vice*)
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: blau@wsgr.com

Brian J. Smith (IL Bar No. 6321543)
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (866) 974-7329

5

Email: brian.smith@wsgr.com
*Admitted to practice only in Illinois and Maine*

Beau W. Buffier (admitted *pro hac vice*)
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: bbuffier@wsgr.com

Nicholas R. Sidney (admitted *pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500
Facsimile: (866) 974-7329
Email: nsidney@wsgr.com

*Attorneys for Plaintiffs Zillow Group, Inc. and Zillow, Inc.*

6