# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZILLOW GROUP, INC. and ZILLOW, INC., | Case No. 1:26-cv-05451 |
| *Plaintiffs*, | |
| v. | |
| MIDWEST REAL ESTATE DATA LLC, COMPASS, INC., and COMPASS ILLINOIS, INC., | Judge: Hon. John J. Tharp, Jr. |
| *Defendants*. | |

<u>**PLAINTIFFS' FIRST SET OF EXPEDITED INTERROGATORIES TO DEFENDANTS COMPASS, INC. AND COMPASS ILLINOIS, INC. (NOS. 1-3)**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Zillow Group, Inc. and Zillow, Inc. (collectively, "Zillow"), by and through their attorneys, serve these expedited Interrogatories (each, an "Interrogatory") to Defendant Compass, Inc. and Defendant Compass Illinois, Inc. (together, "Compass"). You must respond to these Interrogatories by no later than June 5, 2026, as ordered by the Court (Dkt. 58), and respond in accordance with the Instructions set forth below.

## <u>DEFINITIONS</u>

1. "**Action**" means the above-captioned action, *Zillow Group, Inc. et al. v. Midwest Real Estate Data LLC et al.*, No. 26-cv-05451 (N.D. Ill.).

2. "**And**" and "**or**" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside its scope.

3. "**Any**" or "**each**" should be understood to include and encompass "all."

4. The terms "**concerning**," "**relating to**," "**relate to**," "**relates to**," "**related to**," "**referring or relating to**," "**referring to**," "**regarding**," and "**refer or relate to**" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

5. "**Complaint**" means the Complaint filed in this Action on May 12, 2026.

6. "**Broker Feeds**" means any feed of data, pictures and other content about a brokerage's residential for-sale properties or an authorization from a brokerage to an MLS to provide to a third party any feed of data, pictures, and other content about residential for-sale properties.

7. "**Each**" means each and every.

8. "**IDX**" means Internet Data Exchange.

9. The term "**including**" or "**include(s)**" means including without limitation.

10. "**Listing Feeds**" means all real estate data licensed to MLS Grid for distribution through IDX or for display on a VOW.

11. "**MLS**" means multiple listing service.

12. "**MLS Grid**" means MLS Technology Platform, LLC d.b.a. MLS GRID, a Delaware limited liability company that collects and aggregates real estate data.

13. "**MRED**" means Defendant Midwest Real Estate Data LLC, and any and all Persons acting or purporting to act on its behalf, including without limitation, its agents, representatives, employees, officers, directors, insurers, receivers, accountants, attorneys,

2

investigators, advisors, predecessors, successors, assigns, parents and subsidiaries, and any division, area, or profit center.

14.     "**Person(s)**" means any natural person and any other cognizable entity, including without limitation any business or corporation, whether for profit or not; firm, partnership, or other non-corporate business organization; charitable, educational, governmental, or other non-profit institution, foundation, body, or other organization; or employee, agent, or representative of any of the foregoing.

15.     The "**Relevant Time Period**" is March 1, 2025 to the present, except where otherwise stated.

16.     "**Revised Rule**" means the paragraph inserted on or around October 29, 2025 to the MLS Grid IDX Rules that begins "For MRED Participants only" in the section "Criteria for IDX Display," the paragraph inserted on or around October 29, 2025 to the MLS Grid VOW Rules that begins "For MRED Participants only" in the section "Exclusion of Listings," and all revisions to those paragraphs after October 29, 2025.

17.     "**VOW**" means Virtual Office Website.

18.     "**You**", "**Your**", and "**Compass**" means Defendants Compass, Inc. and Compass Illinois, Inc. and any and all Persons acting or purporting to act on their behalf, including without limitation, their agents, representatives, employees, officers, directors, insurers, receivers, accountants, attorneys, investigators, advisors, predecessors, successors, assigns, parents and subsidiaries, and any division, area, or profit center. For the avoidance of doubt, Compass includes licensed real estate brokerages and agents operating under the Compass brand.

19.     "**Zillow**" means Plaintiffs in the above-captioned Action, Zillow Group, Inc., and Zillow, Inc.

## INSTRUCTIONS

1.      Each Interrogatory shall be answered as completely as possible based upon Your knowledge from all sources, including information that is known by You, available to You, or in Your possession.

2.      These Interrogatories should be construed as broadly as possible as seeking full and complete answers to these Interrogatories. Except as specifically provided in these Interrogatories, words imparting the singular shall include the plural and vice versa, where appropriate.

3.      Your answers to these Interrogatories must comply with all requirements set forth by Federal Rule of Civil Procedure 33.

4.      Each Interrogatory shall be deemed continuing, so as to require supplemental answers when You learn or acquire information responsive to these Interrogatories that has not been previously provided, as required by Federal Rule of Civil Procedure 26(e). Such supplemental answers are to be served as soon as reasonably possible after the information is obtained.

5.      If an objection is made to any part of the Interrogatory, the answer shall state that there is an objection to the Interrogatory, provide the legal and factual basis for such objection with specificity and answer the Interrogatory to the extent it is not objectionable. No part of an Interrogatory shall be left unanswered merely because an objection is made to another part of the Interrogatory.

6.      If in any answer, information covered by these Interrogatories, or sub-part thereof, is withheld by reason of a claim of privilege, the Person asserting the privilege shall, in the objection to the Interrogatory, or sub-part thereof, set forth in writing all information required by

4

Federal Rule of Civil Procedure 26(b)(5) or such information as otherwise agreed by the parties. If any portion of any answer to these Interrogatories is withheld under the claim of privilege, any non-privileged portion of such answer must be provided.

7.      If You cannot answer any Interrogatory fully and completely after exercising due diligence to secure the full information to do so, please so state and answer such Interrogatory to the extent possible. Specify Your inability to answer the remainder, stating whatever information or knowledge You have concerning the unanswered portion and describing all efforts made by You to obtain the information necessary to answer the Interrogatory.

8.      If You conclude that any Interrogatory, Definition, or Instruction is ambiguous, then state in Your answer the matter deemed ambiguous and the construction You employed in answering the Interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1:

List every discussion, message, and phone call between Compass and MRED during the Relevant Time Period regarding Zillow, including but not limited to Zillow Preview, Zillow's Listing Access Standards, Zillow's access to MRED Listing Feeds, or Broker Feed agreements with Zillow. For each such discussion, message, or phone call, list the participants, the requesting or calling party, the discussion and call length, the date, and the subject discussed.

### INTERROGATORY NO. 2:

List every residential real estate property sale transaction in the Relevant Time Period in which Compass represented any party to the transaction, and for each such transaction state the address, MLS ID, sale price, the date(s) the listing was entered into any MLS(s), whether the listing was entered into MRED's Private Listing Network, which phases (if any) of Compass's 3-

5

Phase Marketing Strategy the listing participated in and, if so, which phase of 3PM the listing was in when entered into any MLS, all agents and brokerages involved in the transaction (separately stated for buy- and sell-side), and the commissions received by Compass (separately stated for buy- and sell-side).

**INTERROGATORY NO. 3:**

Describe in detail the "listings add/edit" feature referenced in the May 11, 2026 email from Caitlin McCrory of Compass to Daniel Jones of Hive MLS, including the feature's purpose and functionality, identification of each geographical territory in which You have implemented the feature, and the date of implementation in each such territory.

Dated: May 29, 2026                Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Bonnie Lau*
 Bonnie Lau (admitted *pro hac vice*)
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: blau@wsgr.com

Brian J. Smith (IL Bar No. 6321543)
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (866) 974-7329
Email: brian.smith@wsgr.com
*Admitted to practice only in Illinois and Maine*

Beau W. Buffier (admitted *pro hac vice*)
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: bbuffier@wsgr.com

Nicholas R. Sidney (admitted *pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500
Facsimile: (866) 974-7329
Email: nsidney@wsgr.com

*Attorneys for Plaintiffs Zillow Group, Inc. and
Zillow, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, a true and correct copy of **PLAINTIFFS' FIRST SET OF EXPEDITED INTERROGATORIES TO DEFENDANTS COMPASS, INC. AND COMPASS ILLINOIS, INC. (NOS. 1-3)** was electronically served on counsel of record for Defendants Compass, Inc. and Compass Illinois, Inc.:

Nathan P. Eimer (neimer@eimerstahl.com)
Brian Y. Chang (bchang@eimerstahl.com)
Vanessa G. Jacobsen (vjacobsen@eimerstahl.com)
EIMER STAHL LLP

Date:  May 29, 2026                              */s/ Robin Smith*
                                                           Robin Smith