**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ZILLOW GROUP, INC. and ZILLOW, INC.,<br><br>  Plaintiffs,<br><br> v.<br><br> MIDWEST REAL ESTATE DATA LLC,<br> COMPASS, INC., and COMPASS ILLINOIS,<br> INC.,<br><br>  Defendants. | Case No. 1:26-cv-05451<br><br> Hon. John J. Tharp, Jr. |

**MOTION FOR LEAVE TO FILE INSTANTER**
**AMICUS BRIEF OF COSTAR GROUP, INC.**

CoStar Group, Inc. ("CoStar") respectfully submits this motion for leave to file an *amicus curiae* brief ("Motion") in the above-captioned action in opposition to Plaintiffs' Motion for Preliminary Injunction. If granted leave, CoStar will file the brief attached as Exhibit A. In support of this Motion, CoStar states as follows:

**INTEREST OF AMICUS CURIAE**

1.      CoStar Group, Inc. ("CoStar") is an industry leader in real estate listings, information, and analytics. Founded in 1986, CoStar has worked for decades to offer the real estate industry premium information about, and images of, residential and commercial real estate. CoStar's mission is to digitize "the world's real estate, empowering all people to discover properties, insights, and connections that improve their business and lives."[1] CoStar also owns

---

[1] CoStar Grp., Inc., *Mission and Values*, https://www.costargroup.com/mission-and-values (last visited May 28, 2026).

1

and operates national real estate listing websites for apartments (Apartments.com), commercial real estate (LoopNet.com), and single-family homes (Homes.com). Homes.com, launched in 2024, is one of the fastest-growing real estate platforms in the United States, serving millions of consumers who rely on the platform to search for homes. Homes.com uses a "Your Listing, Your Lead" approach that connects buyers directly with listing agents, whether or not that agent pays Homes.com anything. CoStar competes with Zillow Group, Inc. and Zillow, Inc. (together, "Zillow") in the residential internet listing service ("ILS") market and competes for the same listing inventory, consumer traffic, and brokerage relationships, including the valuable pre-market listings at the center of Zillow's Complaint. As such, CoStar possesses deep knowledge of the structure, competitive dynamics, and economics of the residential real estate marketplace.

## LEGAL STANDARD AND ARGUMENT

2. This Court has recognized that the filing of an *amicus* brief is a matter of judicial grace, afforded at the Court's discretion. *See City of Chicago v. FEMA*, No. 08 C 4234, 2010 WL 11545910, at *5 (N.D. Ill. Oct. 1, 2010), *rev'd on other grounds*, 660 F.3d 980 (7th Cir. 2011). An *amicus* brief may be permitted where the *amicus* submission "will assist the [Court] by presenting ideas, arguments, theories, insights, facts, or data that are not found in the briefs of the parties." *See Prairie Rivers Network v. Dynergy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J. in chambers) (quoting *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit*, XXII.B "Amicus Briefs" (2020 ed.)).

3. District courts may exercise discretion to permit the filing of *amicus* briefs where such briefs may prove helpful to the Court by, for example, providing "practical perspectives on the consequences of potential outcomes" or highlighting the "regulatory or commercial context in

which a question comes to the court." *Prairie Rivers Network*, 976 F.3d at 763; *see also Feehan v. Wisc. Elections Comm'n*, No. 20-CV-1771-PP, 2020 WL 8571817, at *3 (E.D. Wis. Dec. 8, 2020) (granting motion for leave to file amicus brief where brief "shed light on perspectives the defendants may not have"); *Monarch Beverage Co. v. Johnson*, No. 1:13-CV-01674-WTL, 2014 WL 7063019, at *3 (S.D. Ind. Dec. 11, 2014) (granting motion for leave to file amicus brief by "an association that represents [plaintiff's] competitors" where amicus presented a "unique perspective").

4.      CoStar's proposed *amicus* brief, which is attached to this Motion as Exhibit A, offers unique and practical perspectives on the issues raised before this Court, including commercial context and information about Zillow and the competitive landscape not reflected in the parties' submissions.   Zillow's Complaint and its Motion for Preliminary Injunction ("Motion") craft a narrative regarding purported anticompetitive conduct on the part of Defendants Midwest Real Estate Data ("MRED"), Compass, Inc. and Compass Illinois, Inc. (together, "Compass"), asking the Court to secure Zillow full access to multiple listing service ("MLS") listings while permitting Zillow to block what it describes as anti-consumer pre-market listings. That narrative, however, elides the fact that Zillow launched its own exclusive pre-market listings, via its Zillow Preview product "with initial partners . . . including large-scale brokerages and franchisors Keller Williams, REMAX, HomeServices of America, Side and United Real Estate. *These pre-market listings will be exclusively available on Zillow, Trulia and their own listing*

*brokerage and agent sites*."[2]  Zillow's exclusive deals are critical context for evaluating this case and Zillow's requested relief.

5.      Zillow claims to dominate the residential real estate market.  Zillow reports that "[a]gents who use at least one of [Zillow's] products touch an estimated 80% of residential real estate transactions"[3] and "[70%] of everyone who buys or sells a home in America uses Zillow during the process."[4]  Zillow did not get to this position by chance, but rather through a pattern of exclusionary conduct designed to cement its dominance.  Indeed, the Federal Trade Commission ("FTC") sued Zillow for attempting to monopolize the rental listing market by paying a rival to cease competing.  Zillow also faces class action lawsuits related to its anticompetitive misconduct in the residential listing market.  This includes lead diversion, whereby Zillow extracts the lion's share of buyer-broker commissions in return for diverting consumers to such brokers; and mortgage steering, whereby Zillow pushes consumers to Zillow's far more expensive home loans.

6.      Now Zillow has expanded its anticompetitive conduct to pre-MLS listings through "Zillow Preview," which it created through exclusive vertical agreements with brokerages that guarantee *only* Zillow can access these highly valuable new listings, as well as an exclusive horizontal agreement that guarantees another large competitor in the space, Realtor.com, will not

---

[2] *Zillow Launches Zillow Preview to Bring Pre-Market Home Listings into the Open*, Zillow Front Porch (Mar. 17, 2026), https://www.zillow.com/news/zillow-launches-zillow-preview-to-bring-pre-market-home-listings-into-the-open/ (emphasis added).

[3] *Zillow's Q4 Results Reinforce a Consistent Theme: Integration Improves Outcomes*, Zillow Front Porch (Feb. 10, 2026), https://www.zillow.com/news/zillow-q4-results-integration-improves-outcomes/.

[4] Zillow Grp., Inc., *First Quarter 2026 Shareholders Letter*, at 2 (May 6, 2026), https://s24.q4cdn.com/723050407/files/doc_earnings/2026/q1/presentation/Zillow-1Q26-Shareholders-Letter.pdf.

compete for these listings, while blocking other rivals—including Homes.com—from carrying such valuable listings.[5]  A decision granting the Motion risks endorsing Zillow's proposed anti-competitive, asymmetric "heads I win, tails you lose" framework.  That framework would protect Zillow's access to listings while allowing Zillow to operate its own exclusive pre-MLS listings, withholding them from Homes.com and other competing portals to the detriment of consumers and competition itself.

7.     That CoStar competes with Zillow in the residential real estate marketplace does not categorically preclude it from serving as an *amicus*, so long as CoStar's *amicus* submission "can contribute in clear and distinct ways."  *See Prairie Rivers Network*, 976 F.3d at 763 (granting leave to file amicus briefs, notwithstanding *amici*'s "interest[] in a particular outcome," and noting "the fiction that an *amicus* acts as a neutral information broker, and not an advocate, is long gone" (citation omitted)).  As explained above, CoStar's proposed *amicus* brief meets this standard.

WHEREFORE, CoStar respectfully requests that the Court grant it leave to file the *amicus curiae* brief attached as Exhibit A.

Dated: June 10, 2026                           Respectfully submitted,

                                     /s/ *Nicholas J. Boyle*
                                   Nicholas J. Boyle (*pro hac vice* pending)
                                   LATHAM & WATKINS LLP
                                   555 Eleventh Street, NW
                                   Suite 1000
                                   Washington, D.C. 20004
                                   Tel: 202.637.2200

---

[5] *See Zillow Launches Zillow Preview to Bring Pre-Market Home Listings into the Open*, Zillow Front Porch (March 17, 2026), https://www.zillow.com/news/zillow-launches-zillow-preview-to-bring-pre-market-home-listings-into-the-open/ (emphasis added).

Fax: 202.637.2201
Nicholas.boyle@lw.com

*Attorney for CoStar Group, Inc.*