**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ZILLOW GROUP, INC. and ZILLOW, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> MIDWEST REAL ESTATE DATA LLC, COMPASS, INC., and COMPASS ILLINOIS, INC., <br><br> *Defendants*. | Case No. 1:26-cv-05451 <br><br> Judge John J. Tharp, Jr. |

**COMPASS DEFENDANTS' MOTION**
**TO EXTEND RESPONSIVE PLEADING DEADLINE**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Defendants Compass, Inc. and Compass Illinois, Inc. (collectively, "Compass") respectfully move this Court for an order extending the time for Compass to answer or otherwise respond to Plaintiffs' complaint to 30 days after the Court (1) issues an order on Plaintiffs' motion for a preliminary injunction, or (2) issues an order on Defendant Midwest Real Estate Data LLC ("MRED")'s motion to compel arbitration, whichever occurs last.[1] In support of its request, Compass states as follows:

1.      Plaintiffs filed their complaint on May 12, 2026. ECF 1. Compass waived service of summons, ECF 12 and 13, setting its deadline to respond or otherwise plead at 60 days from May 12, 2026, or July 13, 2026. Fed. R Civ. P. 12(a)(1)(A)(ii).

2.      The Court has scheduled a hearing on Plaintiffs' motion for preliminary injunction

---

[1]      MRED does not oppose the relief Compass seeks in this motion. Counsel for Compass contacted Plaintiffs' counsel to determine whether Plaintiffs oppose the relief sought but received no response.

for July 1 and July 2, 2026, with post-hearing briefing concluding on July 13, 2026, the same date that Compass's responsive pleading is currently due. ECF 58. Separately, MRED moved to compel arbitration. Briefing on that motion will be concluded by June 29, 2026, two days before the preliminary injunction hearing is scheduled to begin. *Id.*

3. The Court's ruling on Plaintiffs' motion for preliminary injunction will clarify the direction of this litigation in ways likely to render responding to Plaintiffs' complaint on July 13 premature and inefficient. The Court's ruling will provide valuable guidance to Compass on whether it should move to dismiss or answer the Complaint, thereby saving party and judicial resources. That, coupled with the work required to meet the expedited preliminary injunction schedule, are good cause for the Court to extend Compass's responsive pleading deadline. Compass thus respectfully requests the Court to grant an extension of time to respond to Plaintiffs' complaint until 30 days after the Court's order on Plaintiffs' preliminary injunction motion is scheduled to begin.

4. Alternatively, if the Court grants MRED's motion to compel arbitration before the preliminary injunction hearing, there will be no need for the Court to conduct that hearing. Plaintiffs' motion for preliminary injunction does not seek appropriate injunctive relief against Compass. Indeed, the only injunctive relief Zillow seeks with respect to Compass is to ask the Court to enjoin Compass from conspiring with MRED, which runs afoul of Rule 65(d)'s specificity requirements and well-established caselaw. Fed. R. Civ. P. 65(d); *EEOC v. AutoZone, Inc.*, 707 F.3d 824, 841–42 (7th Cir. 2013) (noting that "obey the law" injunctions raise concerns of overbreadth and vagueness in violation of Rule 65(d)); *Nat. Res. Def. Council v. Metro. Water Reclamation Dist. of Greater Chi.*, 175 F. Supp. 3d 1041, 1062–63 (N.D. Ill. 2016) (Tharp, J.) (same); *see City of Mishawaka, Ind. v. Am. Elec. Power Co.*, 616 F.2d 976, 991 (7th Cir. 1980)

(holding that injunction to comply with the Sherman Act violates the specificity requirement of Rule 65(d)); *United States v. Rare Breed Triggers, LLC*, 669 F. Supp. 3d 169, 174 (E.D.N.Y. 2023) (holding that "obey the law" injunction to enjoin defendants from engaging in a conspiracy, among other things, "would not adequately put Defendants on notice of the specific activities in which they may not engage."). This Court concluded as much in denying Plaintiffs' motion for a temporary restraining order against Compass that sought similar injunctive relief. ECF 50. Thus, if the Court compels the claims against MRED to arbitration, there is no reason to proceed with the preliminary injunction hearing against Compass alone, and the case instead should proceed in due course. In that event, Compass requests that this Court extend Compass's deadline to respond to Plaintiffs' complaint to 30 days after the issuance of an order granting MRED's motion to compel arbitration.

5. Wherefore, Compass respectfully requests that this Court enter an order extending Compass's time to answer or otherwise respond to Plaintiffs' complaint to 30 days after the Court (1) issues an order on Plaintiffs' motion for a preliminary injunction, or (2) issues an order on MRED's motion to compel arbitration, whichever occurs last.

Dated:    June 19, 2026                    Respectfully submitted,

                                           /s/ Nathan P. Eimer
                                           Nathan P. Eimer
                                           Vanessa G. Jacobsen
                                           Alec Solotorovsky
                                           Brian Y. Chang
                                           EIMER STAHL LLP
                                           224 S. Michigan Ave., Suite 1100
                                           Chicago, IL 60604
                                           Telephone: (312) 660-7600
                                           Fax: (312) 692-1718
                                           neimer@eimerstahl.com
                                           vjacobsen@eimerstahl.com
                                           asolotorovsky@eimerstahl.com
                                           bchang@eimerstahl.com

                                           *Counsel for Defendants*
                                           *Compass, Inc. and Compass Illinois, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that, on June 19, 2026, I electronically filed a copy of the foregoing through

the Court's CM/ECF system, which will send notifications of the filing to all counsel of record.

Dated:    June 19, 2026                    /s/ Nathan P. Eimer
                                           Nathan P. Eimer
                                           Vanessa G. Jacobsen
                                           Alec Solotorovsky
                                           Brian Y. Chang
                                           EIMER STAHL LLP
                                           224 S. Michigan Ave., Suite 1100
                                           Chicago, IL 60604
                                           Telephone: (312) 660-7600
                                           Fax: (312) 692-1718
                                           neimer@eimerstahl.com
                                           vjacobsen@eimerstahl.com
                                           asolotorovsky@eimerstahl.com
                                           bchang@eimerstahl.com

                                           *Counsel for Defendants*
                                           *Compass, Inc. and Compass Illinois, Inc.*

4