UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ZILLOW GROUP, INC. and ZILLOW, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> MIDWEST REAL ESTATE DATA LLC, COMPASS, INC., and COMPASS ILLINOIS, INC., <br><br> *Defendants*. | Case No. 1:26-cv-05451 <br> Hon. Judge John J. Tharp |

### DEFENDANT MIDWEST REAL ESTATE DATA LLC'S
### MOTION TO PLAY DEPOSITION TESTIMONY SEQUENTIALLY

Defendant Midwest Real Estate Data LLC ("MRED") moves this Court for an order requiring Plaintiffs Zillow Group, Inc., and Zillow, Inc. (collectively, "Zillow") and MRED to play their designations and counter designations of the deposition video of Ronald F. McColly in a single, consolidated sequential format at the Preliminary Injunction Hearing ("PI Heairng") under the Rule of Completeness.

### I.     BACKGROUND

On June 16, 2026, MRED disclosed the expert report of Ronald F. McColly, an experienced real estate broker and brokerage owner. (Attached as Exhibit A.) Zillow took the deposition of Mr. McColly on June 22, 2026. The following day, counsel for MRED informed Zillow that MRED would not be calling Mr. McColly as a witness at the PI Hearing. On June 25, Zillow disclosed its intention to call Mr. McColly by video deposition at the PI Hearing (even though Mr. McColly is

1

subject to the subpoena power of the Court). On June 28, Zillow disclosed the designated portions of the McColly transcript that it intends to play during the PI Hearing. On June 29, 2025, MRED provided counter designations and proposed playing all designations in sequence and in context, consistent with the Rule of Completeness under Federal Rule of Evidence 106. Zillow would not agree to playing Zillow's selected deposition portions of Mr. McColly in chronological order along with the portions selected by MRED, and proposed that the parties play their respective designations out of order and out of context.

MRED now seeks an order from the Court to require such coordination in order to create a more orderly process for the Court's hearing of evidence and to avoid unnecessarily wasting time on this issue at the PI Hearing.

## II. LEGAL STANDARD

Under the Federal Rules of Evidence and the Federal Rules of Civil Procedure, a party may present deposition testimony of a witness at trial under certain limited circumstances. Under FRE 106 on the remainder of recorded statements, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered *at the same time*." Fed. R. Evid. 106 (emphasis added); *see also* Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."). This "rule of completeness" is based on preventing the (1) "the misleading impression created by taking matters out of context" and (2) "the inadequacy of repair work when delayed to a point later in the trial." Fed. R. Evid. 106, Advisory Committee Cmt. (1972); *see also DeJesus v. Ridder*, 411 F.2d 560, 561 (7th Cir.

1969) (explaining the rule "provides a method for averting misinterpretation arising from selective use of deposition testimony").

This Court has wide latitude to control the presentation of evidence, including Zillow's proposed use of video depositions, "so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time." Fed. R. Evid. 611(a); *see e.g., Beverly v. Abbott Laboratories*, 107 F.4th 737, 750 (7th Cir. 2024) ("District courts have wide discretion to control the mode and order of presenting evidence at trial."); *Oostendorp v. Khanna*, 937 F.2d 1177, 1179 (7th Cir. 1991)("[T]he court may control the manner in which deposition testimony is presented."). Indeed, courts routinely exercise their broad discretion when "designations are confusing and incomplete when read in isolation." *Holmes v. Godinez*, No. 11 C 2961, 2016 WL 4091625, at *7 (N.D. Ill. Aug. 2, 2016).

## III.    ARGUMENT

### A.    Zillow and MRED's McColly Deposition Designations Should be Presented In-Sequence.

The Court should require the parties to coordinate so as to play for the Court Zillow's designations and MRED's counter designations of the McColly deposition in a single combined video with all testimony displayed sequentially in the order in which testimony occurred during the deposition.

Presently, Zillow wishes to play its set of designations of McColly's testimony in a misleading manner. For example, Zillow's designations include 16:14-15, without allowing for the full context of McColly's explanation. MRED therefore included line 16:16-17:1 in its counter designations (bracketed in red) in order to provide the Court with a complete story:

3

> Q What exactly are you an expert in?
> A Residential real estate.
> Q Residential real estate. What does that mean?
> A Well, what we're trying to do is that we try to create what we call a transaction. And each transaction has two sides. One is the listing side, and one is the sales side. So what we try to do is develop strategies to allow our agents to do more sides of business. And basically I oversee that, and then that's what increases the amount of business
>
> Page 16
>
> that we do.

Zillow's designations also include "111:19-112:9 (From "My question …")" and "112:16-19," skipping several lines of context. Those designated portions omit intervening context that renders 112:16-19 misleading. As a result, MRED counter designated 112:10-15, as follows below (in red):

> nine buyers and their family and friends are searching for that new listing. And I think that one of the things that I don't like about Zillow is they profit a lot from other people's hard work.
> Q How is McColly a competitor of Zillow?
> A Well, because basically what they're -- we're trying to get the buy side of the transaction. And they are also trying to get that buy side of the transaction.
> Q And they also earn a portion of the buy side of that transaction in, for example, Traci Van Gundy's payment of a portion of the commission fee; correct?
> A Right. Which is about twice as much as what we earn from advertising our listings.
> Q And the answer to my question was, yes, Zillow obtains a portion of the commission earned by a broker or agent like Ms. Van Gundy?
> A Correct.
> Q Have you ever received a lead from Zillow?
> A Me personally?
> Q Yes.
> A No.
> MS. LAU: Let's look at a document. This
>
> Page 112

> Q I understand that. My question is what is your own perception of Zillow?
> A Well, I mean, they are a competitor. And, again, they seem to feed off the two words that I have said at this meeting, "new listing." And I think I've shown mathematically that eight out of
>
> Page 111

If Zillow is permitted to play only its designated portions, with MRED later playing its counter designations separately, the evidence will be presented in a needlessly confusing and time-consuming manner. The Court should exercise its discretion to prevent such abuse here. *See* Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time.").

Courts have previously determined that the disjointed presentation of video deposition evidence that Zillow seeks to be unnecessarily confusing under the Rule of Completeness. *See In re Welding Fume Products Liab. Litig.*, No. 1:03-CV-17000, 2010 WL 7699456, at *125 (N.D. Ohio June 4, 2010) ("The Court has concluded it would be confusing to the jury for each party to present in its case-in-chief only the portions of a deposition that *it* designated, and not those portions designated by the opposing party.").

To prevent such confusion, Zillow should be required to "show to the [fact finder], all at once, *all* of the designated portions of the videotaped deposition, including those designated by the opposing party"—MRED. *Id*. MRED and Zillow can confer to present a single video that will ease the Court's hearing of evidence at the PI hearing. *See Natl. Ass'n. for Advancement of Colored People v. A.A. Arms, Inc.*, No. 99 CV 3999(JBW), 2003 WL 2003800, at *3 (E.D.N.Y. Apr. 14, 2003) (requiring the parties to "confer with respect to the coordination of deposition designations" and allowing parties' designations and counter-designations for a witness at the same time).

MRED's counter designations are short and serve to add context to the deposition testimony selected by Zillow. MRED's limited set of counter designations will not overtake Zillow's presentation of evidence, but playing them out of sequential order will render the testimony confusing and disjointed. Rather, allowing the counter designations to be played

concurrently with Zillow's designations will create a more orderly and efficient presentation of evidence for the Court. *See A.A. Arms, Inc.*, 2003 WL 2003800, at *3 (half hour limitation for counter designations was prevented the unfair import of excessive evidence from defendants' case into plaintiff's case while allowing them to be played at the same time).

The Court should exercise its discretion here to allow for a more orderly presentation of McColly's testimony in a single sequential video.

## IV.    CONCLUSION

For the foregoing reasons, MRED respectfully requests that the Court require the parties to confer and present both designations and counter-designations of deposition testimony of Mr. McColly in a single sequential video.

Dated:  June 30, 2026

Respectfully Submitted,
/s/ *Stephen D. Libowsky*
Stephen D. Libowsky
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin St. (Suite 2600)
Chicago, IL 60606
(312) 477-4798
slibowsky@manatt.com
Attorney No. 6187081

Dylan M. Carson (*pro hac vice*)
Joshua N. Drian (*pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
1700 M St. NW, 4th Floor
Washington, D.C. 20036
Telephone: (202) 585-6500

*Attorneys for Defendant*
*Midwest Real Estate Data, LLC*