# DX489

Overview

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012849

# Corporate Affairs Plan - State PLN Legislation

## Overview

This is an evolving document that outlines our corporate affairs plans for state and local legislation pertaining to private listing networks. Our aim, broadly, is to encourage this legislation to pass and proliferate.

Our approach in each location will be dictated by local circumstances and also by our understanding of how our engagement on a given piece of legislation may impact policy efforts elsewhere.

For an overview of bill status: PLN Bill Tracker | Public Policy

## Comms tactics (overarching/multi-state)

- Owned:
  - Post a blog expressing our support for listing transparency and calling for anti-PLN state efforts elsewhere
    - Rolling blog? If so, chat w/Brian (he's open to it)
  - Post about PLN bills and transparency on Zillow for Change (e.g., a video of Nicole, Christina or Shireen or a written post about listing transparency) (ongoing)
  - Share updates re PLN bills with GR audience in the Cap Z Newsletter (ongoing)
  - Share info with internal comms as bills are introduced or progress (ongoing/priority bills only)

- Earned: Feed info to reporters as bills are introduced or progress (ongoing)

## Public Affairs tactics (overarching/multi-state)

- Virtual PLN Bill webinar featuring bill sponsors, fair housing advocates and an economist for federal audiences (target March)

> **Commented [1]:** https://docs.google.com/document/d/1OtNmi84VBUz3s_b30creOAdfu3mTJ1RxLrbLCJMYpQY/edit?tab=t.0#heading=h.hvo0qmghl8pw

1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012850

**DX489 - page 2 of 67**

Overarching Public Affairs  Campaigns:

**Campaign 2: Transparency & Fair Competition in Real Estate (Listings, Referral Fees, Disclosures)**

- **Utilize trend monitoring and polling data to build the narrative that consumers and agents don't like PLNs (local and national)**
  - Small broker/agent survey to show impact of conglomerate PLNs; opposition to hidden listings based on consumer harms
  - Consumer/homeowner/high intent buyer survey on hidden listings to showcase frustration with PLNs in Chicago as a proofpoint of harms in local communities
  - Paid and earned influencers to amplify messages
- **Commission external economic studies on negative buyer impacts, impact on small brokers/agents, and reduction in market competitiveness**
  - Cultivate relationships with credible external economists (e.g., Harvard economists relationships from Misha)
  - Partner with conservative think tanks on competitiveness studies
  - Paid and earned influencers to amplify messages, including economists
- **Showcase Broker and Agent-driven content on consumer harms**
  - Short videos on how open listings + disclosed success-fees help clients and agents grow their business
  - Explainer content:
    - "What Happens When Listings Go Dark?"
    - "Who Really Pays a Referral Fee?"
  - Use paid media to push out (e.g., Fox Business sponsored features + paid social)
- **Host events with DC Think Tanks on market transparency**
  - Events on "Transparency as a Consumer Protection Tool" (PLNs, referrals, disclosures) with Furman/Urban/CEI/Cato + AG/industry voices
  - Coordinated outreach
- **Target republican AGs and Business leaders calling for competition in real estate**
  - Brief Republican AGs and draft letter (via ARELLO) to CFPB/FTC/HUD on PLNs, listing access, transparent B2B referrals.
  - Business-leader letter (BRT/Chamber signatories) calling for a "Housing Competitiveness Agenda" to support businesses across the country
- **Continue state and federal Advocacy efforts on PLNs**

2

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012851

**DX489 - page 3 of 67**

Connecticut

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012852

Connecticut

SB 340
Passed 5/4/2026, headed to gov
Introduced 2/25/26
Torrey testifying in committee hearing 3/3/2026 GR Testimony | CT SB 340 - Public Marketing / Listing Transparency
CT SB 340 Fair and Transparent Listings – Zillow Impact Overview and Language Analysis

Per Christina 2/26, has a prescribed disclosure form.

The CT House Majority Leader has now come out publicly in "strong support" of the bill (linked and attached). The REALTORS have also submitted testimony in support.

This is a realtor bill, though we helped plant the seed for it - we spoke w/legislator Rojas (house maj leader) about this and other things and he spoke to realtors, and realtors had this bill written.

Per Torrey 5/5: The CT bill is stronger than WA's primarily because it defines "public marketing" — WA's law left that term undefined, which created a significant enforcement gap. CT's definition is detailed and includes strict restrictions on how a listing agent can use email lists to market a home privately.

The bill also creates a meaningful opt-out structure: if a seller executes the disclosure form to keep their home off the MLS, their agent is bound by the full definition of public marketing. They cannot use any of its enumerated elements to advertise the property. If the listing is shared as an office exclusive, it can only go to one recipient at a time by email — or by mass email only to agents within the same supervising brokerage and office.

Additionally, if an agent wants to market on any "public-facing internet platform," that platform cannot put listings behind a paywall, restrict access, or be designed for a single brokerage's internal use. The email treatment was a key point in final negotiations and ultimately mirrors NAR rules on the subject.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012853

**DX489 - page 5 of 67**

LI post


HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012854

## Social post options

Commented [2]: @torreyf@zillowgroup.com @christinaga@zillowgroup.com would you be so kind as to verify that these are accurate?

### Option 1

Connecticut just made history for its homebuyers, sellers, and agents, and I'm proud to celebrate it.

Governor Ned Lamont signed SB 340 into law today, requiring that residential listings be made publicly accessible so every buyer has a fair shot at finding a home. The bill passed unanimously in both chambers, in a bipartisan signal that housing transparency is something everyone can agree on.

Commented [3]: @torreyf@zillowgroup.com i'm not sure if this is true but i put it here just in case! so lmk if it's not.
_Assigned to torreyf@zillowgroup.com_

The law protects seller choice: if someone genuinely wants to keep their home off the public market, they can opt out, but only after signing a form that explains exactly what they might be giving up. And the law is specific enough that the opt-out means something. It provides clear rules that protect everyone in the transaction.

Commented [4]: nobody voted against it, but there were 2 abstentions

Commented [5]: Maybe swap this paragraph with the one underneath it ("For buyers who've been shut out ..."), so we're starting with something we're preaching vs. those who want to opt out

For buyers who've been shut out of homes they never even knew were for sale, this matters. For sellers who deserve real market exposure, this matters. And for agents who've always done what's best for clients, this matters.

The road to a fairer housing market is long, but today, Connecticut took a significant step down that road. ⬚

### Option 2

When a state legislature passes a bill unanimously, it's worth paying attention.

Commented [6]: @torreyf@zillowgroup.com same question as above
_Assigned to torreyf@zillowgroup.com_

Today, Governor Ned Lamont signed Connecticut SB 340 into law. It's a bill that requires residential home listings to be publicly accessible and sets clear, enforceable rules around what "private" marketing can and can't look like.

The data on why this matters is sobering. Nearly half of housing counselors surveyed by the Consumer Federation of America report that first-time buyers are already struggling to compete because of hidden listings, where homes are marketed to some buyers but not all. The practice has also been shown to perpetuate racial inequities in the market.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012855

Connecticut chose to write a law that closes those gaps. It's the kind of policy that makes the housing market work better for everyone — buyers, sellers, and the agents who serve them with integrity.

Well done, Connecticut.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012856

Georgia

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012857

From Ryan P 3/3/26: I wanted to share with you that we potentially have an opportunity to add some language to an unrelated legislative vehicle to try and tighten up fiduciary responsibilities as it relates to PLN activity in Georgia. Please note that given Georgia political dynamics (and statutorily adverse climate to be overly prescriptive with a business model/behavior), we had to take a different approach to what was done in WI or currently unfolding in WA.

After consulting with the Georgia Association of Realtors, along with some key lawmakers in the Assembly, we've drafted the following language, which will amend the real estate section of statute. The language effectively will allow the real estate commission to investigate and sanction a brokerage or license if they believe a licensed entity is marketing a property or operating in a way that puts its financial gain ahead of the benefit of their clients.

*O.C.G.A. 43-40-25(b)*

*(37) Indicating to a client or to another broker in direct communication, in a multiple listing service, any promotional material, or in any marketing of real property that an offer to buy or sell real estate will not be presented to the purchaser and to the seller based on a compensation request in that offer, or will be marketed in a manner that places the interest of the broker over that of the client.*

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012858

**DX489 - page 10 of 67**

Hawaii

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012859

2/25 – Anna looking into this (introduced in Jan 2026)

Per Christina 2/26 – requires written disclosure that you're agreeing to limit marketing, but there's no prescribed disclosure form. It's an opt out, not an opt in. Opt in would be better.
- Realtor bill, not us

Per Anna 3.5 - 2 were introduced, both modeled after WA, one was totally stripped down in committee and the other had an effective date of 2050 to signal more discussion is needed. We've drafted a comment letter to encourage it to be stronger.

3/13, the stripped down bill has been killed and we're submitting a letter to encourage them to make the stronger version effective immediately instead of in 2050: https://docs.google.com/document/d/1onOelBWEslgQiMFDdhTS1SGsXOQzHuU3yraGtM94DLs/edit?tab=t.v3e30vhhk2bv

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012860

Illinois

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012861

# ILLINOIS

| IL PLN Bill Corporate Affairs Plan | | | | |
|---|---|---|---|---|
| ROUND 1 [Date sent for review] | | | | |
| Reviewer | Role | Status | Date Reviewed | Notes |
| August Green | Asset Owner | n/a | n/a | |
| Beth Wanless | SME [if applicable] | Review in progress | Jan 29, 2026 | |
| ROUND 2 [Date sent for review] | | | | |
| Chrissy Roebuck | Comms LT | Not started | Date | |
| Shireen Santosham | GR | Not started | Date | |
| Jennifer Butler | Exec Sponsor | Not started | Date | |
| ROUND 3 - FINAL APPROVAL [Date sent for review] | | | | |
| Jennifer Butler | Corp Affairs SLT FINAL APPROVER | Not started | Date | |
| For Viz Only [List everyone who has been given vis, but no review requested. Note which round each was shared] | | | | |
| Examples: Investor Relations Industry Relations Exec leader | | Select Round Shared Select Round Shared Select Round Shared Select Round Shared | | |

## High-Level Overview

- **Background**
  - Illinois state legislators (Rep Lilian Jiménez) re-introduced a bill on Feb 4, 2026 (HB 4964) that would require public marketing of listings within one day of the start of a brokerage agreement, unless sellers sign a form requesting it be withheld and acknowledging certain risks inherent in doing so.
    - This bill is nearly identical to (HB 3452), but removes commercial aspect and focuses solely on residential.
    - Drafting 1-pager that will be given to legislators

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012862

**DX489 - page 14 of 67**

- We were publicly known as a partner on a version of this bill that was introduced last year (HB 3452). Other supporters of the legislation included Chicago Area Fair Housing Alliance (CAFHA), HOPE Fair Housing, Woodstock Inst., and Housing Action Illinois.
- That bill was opposed by the IL REALTORS and eventually died in committee. It was confirmed by former Illinois REALTORS staffer that their CEO Jeff Baker lobbied House Speaker to kill the bill claiming it would "be the end of the IL Realtors as we know it."
- We expect the bill to be introduced in early February; the state's legislative session ends on May 31.
- GR expects that this bill may suffer the same fate as last year's bill, due to the size of the opposition.
- See bill analysis here.

> **Commented [7]:** here is the plan from the spring for reference: https://docs.google.com/document/d/1_hSR OSqobvFyD7Zm9hgXf6CsloeJzB9o8C_611VrJh8/edit? usp=sharing

- **Goals**
  - Highlight our commitment to transparency and the work we're doing on behalf of consumers
  - Strengthen our relationship with fair housing orgs and pro-transparency brokerages
  - Put those against the bill on the defensive, with policymakers and in the press

- **Government Relations & Public Affairs Approach (Beth Wanless & Shireen Santosham)**
  - Industry engagement to get brokers to sign on
  - Baird and Warner is one local brokerage who is opposed to PLNs

> **Commented [8]:** @bethw@zillowgroup.com @shireens@zillowgroup.com there are other Chicago agent validators listed here: https://docs.google.com/spreadsheets/d/1h2yuRpb4jhF ddZQcPMZm84UrHwvFWgaxLLOkwwtlWVw/edit?gid= 1695191106#gid=1695191106

- **Communications Approach (August Green)**
  - We were engaged in drafting this bill and plan to come out early in support of it, through an initial and ongoing comms push, detailed below.

## *Zillow Corporate Affairs Plan*

We plan to remain public in our support for listing transparency generally and to speak out in favor of this bill specifically, using the tactics below.

> **Commented [9]:** drop in a proposed strategy and let's align together on what that is before jumping into tactics

> **Commented [10]:** will flesh this out after mtg w/industry team and GR week of Feb 9

**Advocacy and Public Affairs Tactics**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012863

Shireen Santosham and Beth Wanless

- Engage directly with lawmakers to share the importance of listing transparency, the risks of PLNs, and Zillow's support for this bill
- Build coalition of fair housing groups; seek ways to encourage engagement and others to join
- Testify at public hearings and submit written comments for the record
- Engage Industry/brokers to come out in support of the bill

> **Commented [11]:** add public sign-on letter drafted by fair housing orgs? see Beth's comment below in messaging

## Communications Tactics
August Green

> **Commented [12]:** will flesh this out after mtg w/industry team and GR week of Feb 9 - goal is to be more vocal

- *Earned media*:
  - Share news of the bill proactively with Chicago-area and industry reporters
  - Offer a quote in support of the bill when asked by reporters, and offer an economist to speak about the research we've done showing the harm of PLNs generally and in IL specifically
  - Point reporters to recent articles related to IL PLNs, specifically (see background messaging below)
  - Point reporters to others who have spoken in support of listing transparency, esp in IL; we're working with GR to create a list of people and groups we can refer reporters to
- *Owned (Comms)*:
  - Post a blog expressing our support for listing transparency, highlighting state efforts thus far, and calling for anti-PLN state efforts elsewhere; ideally this would be a rolling blog we can update as other states move on this issue
  - Share our support for the bill in the Feb issue of Capitol Z newsletter
  - Work with the social team to promote our view through tactics such as:
    - A post about WI, WA, IL bills on Zillow for Change (e.g., a video of Jen or Shireen or a written post about listing transparency)
    - Sponsored content about listing transparency, targeted to IL audiences
- *Employees (Comms)*:
  - Share with Zillow employees through internal channels if passed

## *Messaging*

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012864

**Reactive Media Statement (initial approved version):**

"We're glad to see Illinois lawmakers join Washington and Wisconsin in leading the country's push for pro-consumer protections, to ensure that everyone can compete fairly for homes that would work for their family and budget. Beyond harming buyers, hidden listings hurt small brokerages and cause sellers to lose money - our research shows that sellers in the Chicago area lose an average of $6,619 selling privately instead of on the MLS. Research also shows that hidden listing networks perpetuate segregation, allowing only those with the right connections to see which homes are available. Keeping listings hidden from broad public view only benefits companies trying to pocket part of the agent fee for both the buyer and the seller - leaving consumers without the security of knowing their agent represents their interests alone." - a Zillow spokesperson

**Revised 3.5.26:**

"We're glad to see Illinois put forward a bill that would have it join other states in establishing pro-consumer protections to ensure broad access to real estate listings. Hidden listings worsen the housing affordability crisis by making it more difficult for buyers to navigate the market and causing sellers to lose out on potential offers. We believe broad exposure for listings is beneficial to all - whether you're a buyer, seller, agent, or part of the real estate industry as a whole - and we support policies and initiatives that align with that belief." - a Zillow spokesperson

**Background Messaging:**

Additional high-level background messaging to leverage in conversations with media and external stakeholders:

- Zillow was founded on the idea that people should have as much information as possible, for free, when they're looking to buy or sell a home.
- We're not surprised that lawmakers in Illinois have taken up this issue, because they prioritize what's best for the people who live here.
- In a hearing for a listing transparency bill in Washington, lawmakers from both parties voiced concerns about the impacts private listing networks could have on market competitiveness. The bill's opponents faltered when asked about how they would ensure fair housing compliance when marketing to a select group. (share link to hearing)

Point reporters to:

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012865

- Zillow's study about how private listings in Chicago reinforce segregation
- An op-ed by the HOPE Fair Housing Center CEO, in support of last year's bill in IL
- A story by NBC Chicago about PLNs and segregation
- An op-ed in Housing Wire regarding the WI bill

General messaging for economist interviews lives here.

**Ground truth, and reactive FAQ for off-record conversations**

| Question | Ground truth (internal only) | Off-record talking points |
|---|---|---|
| **Did Zillow help write this bill?** | Yes, and we engaged fair housing groups on the drafting of the legislation, too. Those include HOPE Fair Housing, Chicago Area Fair Housing Alliance, Housing Action IL, and the Woodstock Institute. | • We support this legislation, along with fair housing organizations such as …<br>• It's similar thematically to legislation passed in WI and currently in motion in WA, supported by each of those states' REALTORS associations. |
| **What does Zillow have to say about IL REALTORS' opposition to the bill and their claim that this bill would kill the Clear Cooperation Policy?** | Before working with legislators on last year's bill, we proactively reached out several times to IL Realtors and asked to discuss the issue and legislation, but they didn't respond until several months later, when the legislation was introduced. They indicated they would oppose the bill and declined to discuss what changes might help. We later learned that they told IL legislative leadership that the bill would effectively "be the end of the Realtors in Illinois" and that this bill would "kill Clear Cooperation Policy" (a NAR policy requiring listings to be publicly marketed within 1 day), | • Many real estate professionals believe keeping their clients' listings off the open market is dangerous and breaches their fiduciary duty to their client.<br>• The National Association of Hispanic Real Estate Professionals warned that private listings harm smaller brokerages.<br>• Some major brokerages have spoken against PLNs – such as eXp Realty and NextHome.<br>• This bill would codify Clear Cooperation but still leave the consumer with flexibility |

**Commented [16]:** add when we have confirmation of support

**Commented [13]:** @bethw@zillowgroup.com do you know if there are any that are willing to be public in their support?
_Assigned to bethw@zillowgroup.com_

**Commented [14]:** I believe all would sign onto a support letter (they'd have to write it, I don't want to draft that and I think theyd do it)

**Commented [15]:** okay let's chat - will want to confirm they're good w/the mention before we mention them

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012866

|  | when in fact this bill would codify that policy yet still give the consumer flexibility. | in how they market their homes. |
|---|---|---|
|  | Many real estate professionals believe keeping their clients listings off the open market is dangerous and breaches their fiduciary duty to their client, but their voices are being drowned out by a large brokerage who now has significant control over the market in Chicago. |  |
|  | The practice also hurts smaller brokerages. The National Association of Hispanic Real Estate Professionals warned against just this. |  |
|  | Some major brokerages also oppose PLNs - such as eXp Realty, NextHome, Baird and Warner. eXp and NextHome have been public about this ~ eXp joined us when we introduced ZLAS and committed to listing transparency. NextHOme's CEO James Dwiggins is outspoken against PLNs. |  |
| **Does this legislation force consumers to publicly list** | No. Sellers will still be able to keep their home listing off the public market, and off the MLS, but they will be informed as to the potential significant downsides of doing so. | • No. Sellers can still restrict the marketing of their home, but with this bill they'll be informed of the downsides of doing so.<br>• This bill will help agents uphold their fiduciary duty |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012867

| | | |
|---|---|---|
| **their house for sale?** | Currently, real estate professionals are encouraging their clients to keep their listing off the public market so they can find a buyer's agent within the same brokerage and keep the commissions "in house" despite what's best for the client and their fiduciary duty to them. This bill upholds that fiduciary duty by requiring the listing broker to explain the potential consequences of not allowing the full market to see their home for sale. | to represent clients' best interest, rather than encouraging clients to keep listings in-house so their brokerage can claim both the buyer's and seller's agents' fees. |
| **How is this bill different than the bill introduced in Illinois last year, and in other states? Which model do you think is best?** | The updated IL bill narrows its scope to single-family residential for-sale transactions (removing rental and commercial).<br><br>Other state bills include the 2025 Wisconsin Act 69 (enacted by the WI State Legislature in 2025, effective on January 1, 2027), and the Washington legislature is actively considering SB 6091 (HB 2512). Each of these bills focuses on listing transparency, with differences in disclosure requirements, and both are positive models focused on what's best for consumers.<br><br>The Wisconsin bill has language to hold real estate licensees harmless if they make a reasonable effort to follow the | • The updated IL bill narrows its scope to single-family residential for-sale transactions (removing rental and commercial).<br>• While these bills vary in disclosure requirements and enforcement mechanisms, they're each positive models focused on what's best for consumers. |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012868

**DX489 - page 20 of 67**

|  | law. We think this can provide too much cover for bad actors and believe this language should not be duplicated in other states. |  |

**APPENDIX: Third-party validators**

- Chicago Area Fair Housing Alliance (pending - their new Exec Dir has not responded to Beth's outreach; heard he's very iffy around corporate entities)
- Woodstock Institute
- HOPE Fair Housing - very engaged
- Housing Action Illinois
- Baird and Warner - and other brokerages who are opposed to the concept of PLNs

> **Commented [17]:** Wondering if the Industry Affairs team can start selling the brokerages who aren't fans of PLNs on supporting our legislation?

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012869

**DX489 - page 21 of 67**

Email to policy makers

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012870

## House Bill 4964: Promoting Transparency, Fairness and Consumer Confidence

**Modernizing Illinois Real Estate by Promoting Transparency and Trust, and Protecting Fair Housing**:
House Bill 4964, which has been introduced in the Illinois Legislature, is aimed at promoting transparency and boosting consumer confidence in residential real estate transactions.

Buying or selling a home is likely the most significant financial decision a person will make, yet some home listings are kept from the general public and marketed only to a select audience that has signed on with a certain brokerage. This means most people are unable to compete for the homes that might work best for their family and budget, and sellers are not earning as much because their audience of buyers is smaller. It's a win only for the big brokerages that can collect part of the agent fee for both the buyer and seller.

This bill seeks to ensure that your constituents who are selling homes have a complete understanding of where and how their property will be marketed, rather than allowing those homes to be marketed to fewer people without the seller having proactively made that choice. Importantly, this legislation will also help prevent Fair Housing discrimination, which has been shown to be an issue in private listing networks.

Illinois would be joining Wisconsin where a similar bill passed unanimously last year, and Washington where another bill is moving quickly through the legislative process, also with unanimous support. This bill aligns with a current policy instituted by the National Association of REALTORS, called the Clear Cooperation Policy, and the bill would expand this transparency requirement to all real estate licensees regardless of whether they are a REALTOR member.

HB 4964 establishes the following common-sense requirements for listing firms representing residential sellers:

- Share property information and respond to all reasonable inquiries by buyer's representative to ensure all homebuyers have access to homes for sale to prevent fair housing discrimination,
- Make the for-sale property accessible for showings,
- Market the property broadly online—unless the seller chooses to opt-out by initialing a specific disclosure. The seller still retains the right to market their home as they see fit - publicly or privately - but this legislation will ensure sellers are properly informed before deciding what is best.

Collectively, these updates aim to strengthen public trust, support professional accountability, and align Illinois' real estate laws with the realities of the modern marketplace.

This proposed legislation positions Illinois as a leader, protecting consumers, maintaining fair competition, and empowering real estate professionals to confidently and transparently serve buyers and sellers.

**The Seller Controls How Their Home is Marketed:**
A main principle of the legislation concerning the marketing of a seller's property is the core belief that sellers must know exactly how their home will be marketed and make that decision with a full understanding of the implications.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012871

The extent of property exposure has become a significant discussion point across the country. While broad marketing and exposure advocates argue it ensures fairness, transparency, and competition by giving all buyers equal access to listings, others stress the seller's right to market privately, restrict showings, or pursue unique strategies. This legislation achieves a balance by ensuring sellers maintain control while making informed decisions.

If a seller chooses to limit marketing, they must acknowledge that this decision could reduce buyer awareness and competition, and would potentially lead to less favorable terms for the seller. This approach ensures that marketing decisions are made knowingly by the seller.

**Strengthening Fair Housing While Retaining Seller Choice:**
Private listings run the risk of keeping certain people out of homes or neighborhoods by not making those properties available to all interested buyers. Zillow analyzed roughly 40,000 for-sale listings on Midwest Real Estate Data (MRED, the Multiple Listing Service serving Illinois) and found that more than twice the homes listed for sale in MRED's private listing network were in white neighborhoods, compared to non-white neighborhoods. This means many homes in majority white neighborhoods are not seen by the general population of buyers - exactly what the Fair Housing Act aims to prevent.

Illinois fair housing and industry groups recently shared their concerns with Realtor. com on the risks associated with not publicly marketing for-sale homes. Additionally, NBC 5 recently reported on this issue and how hiding for-sale homes can contribute to fair housing discrimination. This legislation will allow for various marketing options that fit the seller's needs, but will also protect housing opportunities for all Illinois homebuyers.

**Consumer Education Mandate:**
The legislation also requires the Illinois Department and Financial and Professional Regulation to publish a disclosure and opt-out form for the seller. This resource will educate consumers on:

- The advantages of broad marketing exposure.
- The potential risks associated with limiting exposure.
- Guidance on how to properly disclose and document these marketing decisions.

This educational tool empowers consumers and reinforces the commitment of real estate professionals to transparent communication and serving their client's needs first.

House Bill 4964 is an important step in ensuring a fair and transparent real estate marketplace, protecting fair housing, while also allowing for different business models in a changing real estate industry. We respectfully ask for your support.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012872

Email for brokers

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012873

| IL PLN Bill Corporate Affairs Plan | | | | |
|---|---|---|---|---|
| **ROUND 1** [Date sent for review] | | | | |
| **Reviewer** | **Role** | **Status** | **Date Reviewed** | **Notes** |
| Shireen Santosham | Asset Owner | n/a | n/a | |
| Beth Wanless | GR Advocac | Approved as is | Date | |
| **ROUND 2** [Date sent for review] | | | | |
| Chrissy Roebuck | Comms LT | Not started | Date | |
| Shireen Santosham | GR | Not started | Date | |
| Jennifer Butler | Exec Sponsor | Not started | Date | |
| **ROUND 3 – FINAL APPROVAL** [Date sent for review] | | | | |
| Jennifer Butler | Corp Affairs SLT FINAL APPROVER | Not started | Date | |
| **For Viz Only** [List everyone who has been given vis, but no review requested. Note which round each was shared] | | | | |
| Examples: | | Select Round Shared | | |
| Investor Relations | | Select Round Shared | | |
| Industry Relations | | Select Round Shared | | |
| Exec leader | | Select Round Shared | | |

Hi All,

Please see the below draft letter and references that you can share with supportive Illinois brokerages.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012874

For reference, you can also review the bill explainer we sent to policymakers at the bottom of the email. You can use this for your discussions and/or share the language as you reach out to lawmakers.

Please feel free to reach out with any questions!
Note- if you prefer to view this in a google doc, please see it here.

Shireen

**Reference articles and examples from other states:**

WI Bill passed backed by Realtors
WA Realtors back PLN bill
 NBC 5 Chicago story on MRED and PLNs

**Draft email to supportive brokers:**

Dear XX,

Thanks for taking the time to connect! As promised, here is a draft letter that you can send to lawmakers to support House Bill 4964 that puts guardrails on private listing networks to ensure a fair and transparent real estate market in Illinois.

To find your Illinois Senator and Illinois Representative please visit this webpage where you can put your residential and business addresses in the search bar ("Search Illinois" bar on upper right hand side of screen). It will then populate the State Senator and State Representative that cover your home and business addresses.  You can then click on the name of your elected official in the Illinois General Assembly and reference House Bill 4964 and how they support this legislation.

**Sample Letter:**

Dear Representative XX,

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012875

I am a real estate professional working in Illinois, and I respectfully urge you to support House Bill 4964. By strengthening transparency and reinforcing consumer confidence, this legislation will provide vital support for the small businesses operating within our state's housing market.

Buying or selling a home is often the most significant financial transaction in a person's life. But, In today's market, some residential properties are hidden from public view - with only a limited group of brokers sharing with exclusive clients. When listings are shared exclusively within select networks, many qualified buyers may never know a home is available. At the same time, sellers may not receive the full exposure and competition that can help them achieve a competitive price for their home. At a time when finding affordable housing to buy is already challenging, we shouldn't hide listings from the public.

HB 4964 addresses these concerns in a balanced and practical way. The bill does not prohibit private marketing or eliminate seller choice. Instead, it ensures that when a licensed real estate professional markets a residential property, that property is also made publicly available — unless the seller makes a clear, informed decision to opt out. This approach preserves seller flexibility while prioritizing transparency and informed consent.

It also ensures that residential listings marketed by a licensed real estate professional are available to all other licensed brokers. Without this safeguard, smaller brokerages would be effectively locked out, undermining small businesses across Illinois.

A recent report by NBC 5 Chicago examined the growing use of private listing networks in the Chicago-area market and found significant fair housing concerns.

This legislation ensures that all brokers can fully represent our clients, maintain a fair playing field, protect fair housing rights, and help millions of Illinois families compete for homes on equal footing.

Illinois families deserve fair and transparent access to housing opportunities. I respectfully ask for your support of House Bill 4964.


Sincerely,

XX


## House Bill 4964 Explainer: Promoting Transparency, Fairness and Consumer Confidence

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012876

**Modernizing Illinois Real Estate by Promoting Transparency and Trust, and Protecting Fair Housing**:

House Bill 4964, which has been introduced in the Illinois Legislature, is aimed at promoting transparency and boosting consumer confidence in residential real estate transactions.

Buying or selling a home is likely the most significant financial decision a person will make, yet some home listings are kept from the general public and marketed only to a select audience that has signed on with a certain brokerage. This means most people are unable to compete for the homes that might work best for their family and budget, and sellers are not earning as much because their audience of buyers is smaller. It's a win only for the big brokerages that can collect part of the agent fee for both the buyer and seller.

This bill seeks to ensure that your constituents who are selling homes have a complete understanding of where and how their property will be marketed, rather than allowing those homes to be marketed to fewer people without the seller having proactively made that choice. Importantly, this legislation will also help prevent Fair Housing discrimination, which has been shown to be an issue in private listing networks.

Illinois would be joining Wisconsin where a similar bill passed unanimously last year, and Washington where another bill is moving quickly through the legislative process, also with unanimous support. This bill aligns with a current policy instituted by the National Association of REALTORS, called the Clear Cooperation Policy, and the bill would expand this transparency requirement to all real estate licensees regardless of whether they are a REALTOR member.

HB 4964 establishes the following common-sense requirements for listing firms representing residential sellers:

- Share property information and respond to all reasonable inquiries by buyer's representative to ensure all homebuyers have access to homes for sale to prevent fair housing discrimination,
- Make the for-sale property accessible for showings,
- Market the property broadly online—unless the seller chooses to opt-out by initialing a specific disclosure. The seller still retains the right to market their home as they see fit - publicly or privately - but this legislation will ensure sellers are properly informed before deciding what is best.

Collectively, these updates aim to strengthen public trust, support professional accountability, and align Illinois' real estate laws with the realities of the modern marketplace.

This proposed legislation positions Illinois as a leader, protecting consumers, maintaining fair competition, and empowering real estate professionals to confidently and transparently serve buyers and sellers.

**The Seller Controls How Their Home is Marketed:**

A main principle of the legislation concerning the marketing of a seller's property is the core belief that sellers must know exactly how their home will be marketed and make that decision with a full understanding of the implications.

The extent of property exposure has become a significant discussion point across the country. While broad marketing and exposure advocates argue it ensures fairness, transparency, and competition by giving all buyers equal access to listings, others stress the seller's right to market privately, restrict showings, or pursue unique strategies. This legislation achieves a balance by ensuring sellers maintain control while making informed decisions.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012877

**DX489 - page 29 of 67**

If a seller chooses to limit marketing, they must acknowledge that this decision could reduce buyer awareness and competition, and would potentially lead to less favorable terms for the seller. This approach ensures that marketing decisions are made knowingly by the seller.

**Strengthening Fair Housing While Retaining Seller Choice:**
Private listings run the risk of keeping certain people out of homes or neighborhoods by not making those properties available to all interested buyers. Zillow analyzed roughly 40,000 for-sale listings on Midwest Real Estate Data (MRED, the Multiple Listing Service serving Illinois) and found that more than twice the homes listed for sale in MRED's private listing network were in white neighborhoods, compared to non-white neighborhoods. This means many homes in majority white neighborhoods are not seen by the general population of buyers - exactly what the Fair Housing Act aims to prevent.

Illinois fair housing and industry groups recently shared their concerns with Realtor. com on the risks associated with not publicly marketing for-sale homes. Additionally, NBC 5 recently reported on this issue and how hiding for-sale homes can contribute to fair housing discrimination. This legislation will allow for various marketing options that fit the seller's needs, but will also protect housing opportunities for all Illinois homebuyers.

**Consumer Education Mandate:**
The legislation also requires the Illinois Department and Financial and Professional Regulation to publish a disclosure and opt-out form for the seller. This resource will educate consumers on:

- The advantages of broad marketing exposure.
- The potential risks associated with limiting exposure.
- Guidance on how to properly disclose and document these marketing decisions.

This educational tool empowers consumers and reinforces the commitment of real estate professionals to transparent communication and serving their client's needs first.

House Bill 4964 is an important step in ensuring a fair and transparent real estate marketplace, protecting fair housing, while also allowing for different business models in a changing real estate industry. We respectfully ask for your support.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012878

# Resources

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012879

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012880

**DX489 - page 32 of 67**

# Michigan

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012881

Per Beth, MI realtors will likely intro a bill soon (3/13/26)
Per Beth 3/16, AOR in MI is working on a bill modeled after WI. prob won't move fast bc legislators are in a stalemate generally.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012882

DX489 - page 34 of 67

Minnesota (pending)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012883

DX489 - page 36 of 67

1/12 update from Beth – next week Beth is going to meet w/edina realty (biggest broker there) and another broker and Northstar MLS to see what they're thinking and if there's an interest in supporting a PLN bill by us. Realtors in MN are not that strong so we'll keep them updated but not big priority.

2/20 Beth update - MN language is finalized - some realtors have it, home builders will support even though it's not super tied to them - MN realtors aren't super interested bc they are dealing w/other stuff (though we have a good relationship w/them) - they are glad this is about informed consent and not getting rid of plns - we have till May to get it introduced, don't have a bill sponsor yet.

3/10 Beth update - MN - not enough time to run a bill and ICE and fraud related bills have taken up air, but if we build bigger coalition for longer term the gov might get involved

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012884

New York

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012885

3/10/26 - Torrey heard from potential sponsor that she is going to introduce bill but don't want to count chickens till it happens

Bill - https://www.nysenate.gov/legislation/bills/2025/A10679

4/8 - per Christina, written for NY environment. Includes opt out form, which was important to allow it to move forward.

Is it public that we're involved? Sort of - we've worked directly w/bill sponsor (Solages?)

Are realtors supportive? Originally they told us they were but then they proposed a bunch of redlines gutting the bill. So we're not really sure how friendly they actually are. NY realtors gov't affairs director has been talking to NJ realtors and the NJ realtors think that our bill is terrible, poorly written and pointless.

Would saying the realtors were supportive cause them to back off? Maybe don't bring them up at all unless they ask.

**Messaging**

"Zillow was founded on the principle of transparency for consumers, so we support New York lawmakers' efforts to ensure that everyone can see home listings and compete fairly for houses that would work for their family and budget. We also support efforts to make sure sellers know what they're getting into if they agree to market their home to a limited group, including losing out on potential offers."

- In 2023 and 2024, the typical home seller in the New York metro area who did not publicly list their home sold it for $19,225 less (-2.8%) than they would have otherwise.
- Private listing networks also perpetuate segregation, allowing only those with the right connections to see which homes are available.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012886

**DX489 - page 38 of 67**

Ohio (pending)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012887

3/10/26 – OH - mortgage bankers exec dir put out op ed, Beth is going to meet w/him tomorrow and talk about this legislation and see if they can get something moving

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012888

**DX489 - page 40 of 67**

Washington

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012889

# WASHINGTON

| WA PLN Bill Corporate Affairs Plan | | | | |
|---|---|---|---|---|
| ROUND 1 [Date sent for review] | | | | |
| **Reviewer** | **Role** | **Status** | **Date Reviewed** | **Notes** |
| August Green | Asset Owner | n/a | n/a | |
| Anna Boone | SME [if applicable] | Approved w/ my edits | Jan 9, 2026 | |
| ROUND 2 [Dec 29, 2025 sent for review] | | | | |
| Chrissy Roebuck | Comms LT | Review in progress | Dec 29, 2025 | |
| Erika Riggs | GR | Review in progress | Date | |
| Jennifer Butler | Exec Sponsor | Reviewed, not approved | Date | |
| ROUND 3 - FINAL APPROVAL [Date sent for review] | | | | |
| Jennifer Butler | Corp Affairs SLT FINAL APPROVER | Not started | Date | |
| For Viz Only | | | | |
| [List everyone who has been given vis, but no review requested. Note which round each was shared] | | | | |
| Examples: Investor Relations Industry Relations Exec leader | | Select Round Shared Select Round Shared Select Round Shared Select Round Shared | | |

## High-Level Overview

- **Background**
  - Washington state legislators may soon introduce a bill that would **codify listing transparency** in the state. Washington's legislative session starts Jan 12, and we believe the bill will be introduced early in the first week; the bill will have to move quickly if at all, as the state's 2026 session ends in mid-March.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012890

- ○ Washington REALTORS has participated heavily in the drafting of this bill. They plan to publicly own their involvement from the outset and will engage in a comprehensive push throughout the state, beginning Jan 7 and detailed below, also enlisting third-party validators.

- **Government Relations & Public Affairs Approach** (**Anna Boone** & **Shireen Santosham**)
  - ○ GR will coordinate with WA REALTORS on outreach to potential validators, and engage directly with lawmakers on the importance of listing transparency and Zillow's support for the bill. (See bill analysis here.)

- **Communications Approach** (**August Green**)
  - ○ WA REALTORS will be the first voice supporting this bill through an initial comms push, detailed below.
  - ○ We plan to remain public in our support for listing transparency generally and to speak out in favor of this bill specifically if it aligns with that enduring value once introduced.

## *Washington REALTORS' plan*

- Washington REALTORS is the state's trade association for realtors. They advocate for policies that encourage a strong economy and "attractive, affordable home choices" - including this new bill related to transparency and access.
- **On Jan 7**, Washington REALTORS plans to meet with their internal legislative steering committee to formalize their own position, followed immediately by meetings with local associations and other members to announce the effort and garner support. We expect news of the bill to become public at this point, especially as there are two C agents or brokers on the REALTORS' legislative committee. (1/9 update: This is complete / video shared with members)

  > **Commented [18]:** WA REALTORS does not want us promoting this unless/until it shows up on their public resources page

- **Tactics**
  - ○ **After Jan 7**, WA REALTORS plans to:
    - Meet with local organizations that are involved in real estate but not members, encouraging their participation in advocacy efforts and sharing quotes and data (including content from Zillow) that show the need for listing transparency

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012891

- Post content on their website about their support for the bill once they've finalized their position internally (site launch planned for Jan. 12); the website will include a tool through which Realtor members can send messages to their local legislators
- Work with a firm to pitch op-eds from third parties (we expect this to include John L Scott and Windermere but are waiting for WA REALTORS to confirm)
- Highlight this bill during their planned "Hill Day" on Jan 29, where they'll seek to engage with legislators and invite media to learn about and report on this and other issues; GR will attend

### *Zillow Corporate Affairs Plan*

- **Context:** GR and Corporate Affairs leaders have expressed a desire to be more outspoken in support of anti-PLN legislation wherever it pops up, and Corporate Comms is in favor of this approach with regard to this bill. This is an opportunity for us to publicly support a bill in our home state that aligns with our company's insistence on the value of transparency for consumers.
- **Approach:** To support our broader efforts to amplify policy and practices in support of listing transparency, our recommended approach includes the tactics below, which we would deploy after WA REALTORS has begun its push.
- *Advocacy (GR)*:
  - Engage directly with lawmakers to share the importance of listing transparency, the risks of PLNs, and Zillow's support for this bill
  - Testify at public hearings and submit written comments for the record
  - Collaborate with WA REALTORS in identifying and securing third party support for the bill and activating for testimony.
  - Collaborate with WA REALTORS on messaging for their Hill Day at the end of Jan, and participate in that event
- *Earned media (Comms)*:
  - Offer a quote in support of the bill and offer an economist to speak about the drawbacks of PLNs generally; let WA REALTORS know we can be reached by the media for that purpose
  - Coordinate with WA REALTORS on media for their Hill Day, including participating in pre-pitching and offering economist interviews
  - While WA REALTORS is covering WA-specific outlets, we can coordinate to see if there are any key outlets they don't plan to reach, and we may choose to reach out proactively to national-level outlets that cover

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012892

state policy (e.g., Pluribus, Axios) or industry outlets to encourage conversation outside of WA state
- 2/6 update: WA REALTORS didn't end up pitching this to consumer publications and would prefer that we hold off on doing so for now, as they are trying to maintain a balance with their members and the bill already has wide support among legislators
  - ○ Share w/reporters once bill has passed, to encourage coverage
- *Owned (Comms)*:
  - ○ Share our support for the bill in the Jan or Feb issue of Capitol Z newsletter (timing determined in coordination with GR and dependent on bill status/movement)
  - ○ Once the bill passes, amplify on Front Porch and LinkedIn
- *Industry/Public Affairs (GR)*:
  - ○ Work with the Industry Affairs team to ensure relevant advocates are aware of the legislation and have an opportunity to elevate arguments in favor, filling gaps left by WA REALTORS (WA REALTORS is working with their members, including the state's largest **brokerages,** and **affinity real estate groups** (NAREB, NAHREP, LGBTQ+ Alliance, AREAA) on public declarations of support for this bill, such as the op-eds mentioned above)
  - ○ Coordinate with WA REALTORS on a list of nonprofits to engage, targeting organizations focused on homeownership and equitable access to housing. Leverage existing relationships to prioritize and secure support.
  - ○ Work with 3P orgs to write and pitch an op ed on listing transparency
- *Employees (Comms)*:
  - ○ Once the bill is passed, share with Zillow employees through internal channels

## Messaging

**Reactive Media Statement:** :

"We're glad to see Washington put forward a bill that would have it join Wisconsin as a national leader in establishing pro-consumer protections to ensure that everyone has fair and open access to real estate listings at the same time. Hidden listings worsen the housing affordability crisis by making it more difficult for buyers to navigate the market and causing sellers to lose out on potential offers, and they leave smaller brokerages at a disadvantage. Zillow believes listing transparency is

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012893

beneficial to all, whether you're a buyer, seller, agent, or part of the real estate industry as a whole, and we support policies and initiatives that align with that belief." - a Zillow spokesperson

**Background Messaging:**

Additional high-level background messaging to leverage in off-record conversations with media and external stakeholders

- Zillow was founded on the idea that people should have as much information as possible, for free, when they're looking to buy or sell a home.
- We're not surprised that lawmakers in Washington state have taken up this issue, because they prioritize what's best for the people who live here.
- Keeping listings hidden from broad public view is only best for companies trying to pocket part of the agent fee for both the buyer and the seller - which leaves consumers without the security of knowing their agent represents their interests alone.

Detailed messaging for economist interviews lives here.

**Reactive FAQ (to be used on background/off the record):**

**Did Zillow help write this bill?**

No, but we support the bill's intent.

**What is Zillow's involvement with the WA REALTORS?**

We're one of many groups that cares about Washingtonians' access to housing, that supports this effort by Washington REALTORS.

**How has Zillow engaged WA REALTORS or other local organizations on this bill to date?**

We've long supported transparent access to real estate listings - that's why we were founded. We're proud to be one of many groups, including the Washington Realtors, supporting this bill.

**APPENDIX: Third-party validators being targeted by WA REALTORS**

Black Home Initiative
Western Washington Realtists
AREAA Seattle
NAHREP Seattle

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012894

LGBTQ+ Alliance
United Way
Housing Development Consortium
Urban League of Metropolitan Seattle
Washington Mortgage Bankers Association
Civic Commons/Seattle Foundation
1Drop
Habitat for Humanity - Seattle King County
NW Coop Development
WALIHA
Futurewise
Homestead Community Land Trust
Fair Housing Center of Washington
NW Justice Project
Consumer Federation of America
WA Homeownership Resource Center
Homesight
AARP
NW Fair Housing Alliance
Consumer Policy Center
National Fair Housing Alliance

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012895

Draft Op Ed

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012896

| WA PLN Bill Corporate Affairs Plan | | | | |
|---|---|---|---|---|
| ROUND 1 [Date sent for review] | | | | |
| Reviewer | Role | Status | Date Reviewed | Notes |
| Shireen Santosham | Asset Owner | n/a | Feb 28, 2026 | |
| Anna Boone | SME | Approved as is | Feb 27, 2026 | |
| ROUND 2 [ sent for review] | | | | |
| Matt Kreamer | Comms LT | Approved w/ my edits | Mar 3, 2026 | |
| August Green | Policy Comms | Approved as is | Mar 4, 2026 | |
| ROUND 3 - FINAL APPROVAL [Date sent for review] | | | | |
| Jennifer Butler | Corp Affairs SLT FINAL APPROVER | Approved as is | Mar 5, 2026 | |

**Draft Op Ed**

Timing:
- To be pitched following House vote (as early as 3/3, 3/6 latest)

Authors (need to approve final copy):
- Adria Buchanan, Executive Director, Fair Housing Center of Washington
- Ken Short, Housing Policy Director, Association of Washington Business

Commented [19]: AB to send them final after Jen's approval for their final sign off

Commented [20]: APPROVED

Washington's housing market works best when it is open, competitive, and fair. When real estate listings are broadly available to all members of the public, the marketplace functions as it should: prices reflect genuine demand, buyers, sellers, and renters can make informed decisions, real estate professionals compete on equal footing, and access to opportunity is not determined by private connections.

These are values shared by both business leaders and fair housing advocates alike.

But basic transparency is increasingly under pressure from the threat of private listing networks, an emerging practice in which some brokerages market homes to select buyers while keeping them hidden from the broader public.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012897

As this practice has taken hold in some parts of the country, it has been to the benefit of large brokerages, which use private listings to recruit more clients and keep both sides of the commission in-house, at the expense of the consumer. Sellers benefit from maximum exposure of their homes, and home shoppers are most successful when they have access to complete inventory to make the best decision for their families, in partnership with the real estate agents of their choosing.

We applaud the Washington State Legislature for taking action to prevent those practices from taking root here by passing SB 6091. The legislation, co-sponsored by State Senators Marko Liias and Chris Gildon, passed the legislature with bipartisan, nearly unanimous support, and will help preserve the transparency that has long defined Washington's housing market by establishing a straightforward principle: if a home is marketed to any group of buyers or brokers, it must be marketed to all buyers and brokers.

In other words, selective promotion cannot substitute for fair access. Importantly, SB 6091 does not prohibit legitimate off-market transactions, for example, your ability to sell to a neighbor or family member, or prevent homeowners from choosing how to market their property. It does not require owners to allow physical access to their property and includes exemptions when necessary to protect the health or safety of the owner or occupant.

This bold action comes at a pivotal moment. Washington faces a generational housing affordability crisis. The Washington Department of Commerce estimates that our state will need 1 million new homes by 2044 to meet demand. Lawmakers have responded with urgency: legalizing duplexes and triplexes, expanding accessory dwelling units, encouraging transit-oriented development, and advancing proposals to convert underused commercial buildings into housing.

Those reforms are essential. Increasing supply is the most important long-term solution to affordability. But these efforts would be undermined if available homes are not fully visible to the public. A housing market that fragments listings across exclusive networks weakens competition, distorts price discovery, and reduces consumer confidence. Transparency ensures that the benefits of increased supply reach the widest possible pool of home shoppers.

Public access to listings also reinforces decades of fair housing protections. When properties are marketed selectively, shared only within closed networks or limited circles, the risk of unequal access increases, whether intentional or not. Open listings create accountability and ensure those protections are meaningful in practice.

As leaders representing the business and fair housing communities, we do not approach every issue from the same perspective. But we agree on this: an opaque and fragmented housing market does not serve Washington consumers. Washingtonians deserve fair access to opportunity. Professionals deserve a level playing field. And communities across our state are stronger when housing markets are transparent, competitive, and fair.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012898

Washington has led the nation in its efforts to tackle housing supply and affordability, and we are proud our state continues to lead by passing SB 6091 to ensure that as we continue building more homes, we also preserve the openness that makes our housing market work for everyone. We urge Governor Bob Ferguson to sign SB 6091 into law.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012899

WA Realtor Sign On Letter

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012900

**DX489 - page 52 of 67**

FOR VIS - in motion already.

**Target signers include committee hearing support (testimony and sign-ins):**

- Bascomb Real Estate Group ✓
- Washington Realtors ✓
- Habitat for Humanity - Seattle King County ✓
- Windermere Real Estate - WR
- Association of Washington Business ✓
- Fair Housing Center of Washington ✓
- MindCast AI ?
- Washington Mortgage Bankers Association ✓
- We Build Back Black Alliance ✓
- National Association of Residential Property Managers - WR
- Civic Commons ✓
- HomeSight ✓
- LISC Puget Sound ✓
- WA Multi-Family Housing Association - WR
- Commercial Real Estate Development Association - WR
- Washington Homeownership Resource Center ✓
- John L. Scott - WR
- Futurewise ✓
- Plutus Development LLC ?
- Housing Development Consortium ✓
- Zillow ✓

<br>

- 1DROP ✓
- Urban League ✓

And other targets to get on the record:

- Local Realtor associations - WR
- BIAW - WR
- Seattle Metro Chamber of Commerce
- Sightline ✓
- AARP
- Master Builders - WR
- Western Washington Realtists ✓
- AREAA
- NAHREP Seattle

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012901

- LGBTQ+ Alliance
- Homestead Community Land Trust
- Rental Housing Association of Washington
- Black Home Initiative ✓

## SUPPORT SB 6091 (Liias/Gildon) – Public Marketing of Real Estate

A diverse coalition of housing, homeownership, real estate, and business organizations supports SB 6091 to ensure that housing opportunities are available to all consumers – not solely to exclusive groups of buyers or real estate brokers.

SB 6091 would prohibit real estate brokers from marketing residential properties to an exclusive or limited group of prospective buyers or real estate brokers, unless the residential property is concurrently marketed to the general public and all other real estate brokers, except as reasonably necessary to protect the health or safety of the owner or occupant.  Exclusive listings harm consumers, limit homeownership opportunities, violate fair housing principles, and reduce competition in the real estate market.  These growing concerns have been well-documented across the nation:

> "Private listing networks limit buyer access to homes for sale and promote misleading, disadvantageous choices for most sellers. . ."  (*Consumer Policy Center*)

> "[Exclusive listings] not only erode transparency but also distort competition by weakening long-standing industry practices and modern platforms that help ensure equal access for every consumer, no matter which brokerage or agency they work with." (*U.S. Senators Warren and Wyden letter to Federal Trade Commission and USDOJ*)

> "Pocket listings can make it easy to support discrimination by shielding properties that are available from sale from most potential buyers . . . The real estate industry should adopt systems and rules to bring pocket listings into the open to ensure that all eligible buyers, irrespective of race or national origin, have a fair opportunity to submit bids." (*National Fair Housing Alliance*)

Importantly, SB 6091 applies only to residential properties marketed by real estate firms or brokers.  It does not apply to the sale of commercial properties or

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012902

businesses, does not apply to homeowners who market or sell their own house, and does not dictate how public marketing must occur.  It simply provides that a residential property marketed by a real estate broker or firm cannot solely be marketed to exclusive groups – once any private marketing occurs, the property must also be marketed publicly.

Washingtonians deserve fair and transparent access to housing opportunities. Please support SB 6091.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012903

DX489 - page 55 of 67

Owned channels content

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012904

## *Front Porch article*

| ROUND 1 [Mar 3, 2026 sent for review] | | | | |
|---|---|---|---|---|
| **Reviewer** | **Role** | **Status** | **Date Reviewed** | **Notes** |
| August Green | Asset Owner | n/a | n/a | |
| Anna Boone | SME | Approved w/ my edits | Mar 4, 2026 | |
| Brian Carberry | Front Porch | Approved w/ my edits | Mar 3, 2026 | |
| Matt Kreamer | Comms | Approved w/ my edits | Mar 3, 2026 | |
| Shireen Santosham | GR | Approved as is | Mar 4, 2026 | |
| ROUND 2 [Mar 4, 2026 sent for review] | | | | |
| Michael Bloom | | Approved as is | Mar 4, 2026 | |
| ROUND 3 – FINAL APPROVAL [Mar 4, 2026 sent for review] | | | | |
| Jennifer Butler | Corp Affairs SLT | Approved w/ my edits | Mar 4, 2026 | |
| Marissa Brooks | Corp Affairs SLT | Approved w/ my edits | Mar 5, 2026 | |
| **For Viz Only** | | | | |
| [List everyone who has been given vis, but no review requested. Note which round each was shared] | | | | |
| Examples: GR Nicole Booth GR Christina Garavaglia Comms Casey Roberts | | Shared in Round 1 Shared in Round 1 Shared in Round 2 | | |

### The passage of SB 6091 is a win for Washington home buyers and sellers

At Zillow, we've always believed that the search for a home should be fair and transparent. That's why we're thrilled to celebrate the passage of SB 6091 – which

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012905

aims to protect open access to real estate listings – by the Washington State Legislature.

Once signed by Gov. Ferguson, this will establish our home state of Washington as a national leader in pro-consumer protections in real estate.

Washington joins several other states in a **growing national movement** to ensure everyone has free and fair access to real estate listings. The governor of Wisconsin signed AB 456 into law last year, and several states are now considering similar legislation.

**The danger of "manufactured scarcity"**

Zillow was founded on the idea that people should have as much information as possible, for free, when they're looking to buy or sell a home. In contrast, private listing networks, or PLNs, restrict access to real estate listings to a certain group of people.

Hiding listings creates what professor Nicholas Creel recently described in *The Wall Street Journal* as **"manufactured scarcity**." When homes are kept off the open market, it limits the ability of American families to compete for homes that fit their budget and needs. It also causes sellers to lose out on the best potential offers by artificially narrowing their buyer pool and extending time to sell.

**Bipartisan support for market fairness**

Washington SB 6091's power is in its simplicity. It stipulates that *any time* a broker markets a home, it must be visible to the public and to all other brokers at the same time. The only exception in the bill is for situations where limited marketing is necessary for health or safety concerns. This clarity protects buyers and sellers and gives all brokers and agents a level playing field.

The momentum behind this desire for transparency is undeniable. SB 6091 was approved by the Washington State Legislature with **bipartisan, nearly unanimous support**.

Lawmakers from both sides of the aisle have voiced serious concerns about how PLNs undermine **market competitiveness**. Conversations have also focused on another critical issue: **fair housing.** It's difficult to uphold fair housing principles when homes are hidden and only shown to an exclusive group based on who they work with.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

We've seen this in practice. A recent Zillow analysis of Chicago's market revealed that homes in majority-white neighborhoods were more than twice as likely to be listed privately as those in more diverse areas. Private listings have the potential to **reinforce segregation** and leave many families — particularly first-time homebuyers and lower-wealth households — shut out of opportunities.

PLNs also **harm small businesses**. The National Association of Hispanic Real Estate Professionals is one of many groups that have warned about the practice's impact on small real estate brokerages. Open listings, in contrast, ensure a level playing field for all real estate professionals.

**Zillow's commitment to broad listing access**

Listing transparency is beneficial to all, whether you're a buyer, seller, agent or part of the real estate industry as a whole.

We support SB 6091 because it aligns with our desire for buyers to be able to compete for homes that would work best for them, for sellers to have access to the broadest possible market, and for small businesses to have the conditions to thrive.

We stood alongside Washington REALTORS®, the Fair Housing Center of Washington, the Association of Washington Business, Habitat for Humanity - Seattle King County, the Washington Mortgage Bankers Association, and others in voicing this support as the bill moved through.

By passing SB 6091, Washington lawmakers have prioritized what is best for the people who live here. We're proud to see our home state lead the way in making the process of buying or selling a home more transparent and fair for everyone.

*LI post*

**LinkedIn copy (Zillow)**
Washington State just took a major step toward a more fair and transparent housing market.

The passage of WA SB 6091 is a win for home buyers and sellers, and a significant step in a growing national movement toward listing transparency.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012907

**DX489 - page 59 of 67**

At its core, the bill is simple:
If a broker markets a home, it must be visible to the public and to all other brokers at the same time. The only exception is for health or safety concerns.

Why does this matter?
Because when listings are hidden from the broader market (often through private listing networks), it creates what has been called "manufactured scarcity," limiting competition and access.

We know this to be true.

Research shows private listings may also reinforce inequities. In a recent Zillow analysis of the Chicago market, homes in majority-white neighborhoods were more than twice as likely to be listed privately as homes in more diverse areas.

Transparency creates a level playing field. Open listings support small brokerages, protect fair housing principles and ensure that no single group has exclusive access to inventory. The bipartisan, nearly unanimous support for SB 6091 reflects growing concern among lawmakers that private networks undermine market competitiveness.

Zillow was founded on the idea that people should have as much information as possible, for free, when they're looking to buy or sell a home.

Read more:

## *Internal comms*

### Zallway Connect mention

*Industry buzz…*
**It's a national movement:** That's how we described the push for listing transparency as Washington passed State Bill 6091, joining Wisconsin and other states in working to ensure that everyone has fair and broad access to real estate listings.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012908

# Wisconsin

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012909

# WISCONSIN

## Background

Wisconsin legislators passed AB 456 in fall 2025, and the governor signed it in December; the law will take effect in 2027. The bill is closely aligned to model legislation developed by Zillow, although in this case the WI Realtors pushed the bill and Zillow was not aware of it till late in the game. Among other things, it requires sellers to affirmatively opt in if they would like to limit marketing via a PLN, and for sellers to be made aware of the risks of doing so.

Due to complexities in our relationship with WI Realtors, GR initially advised that we limit our visibility related to this bill until the law came into force in 2027, so we aligned on the op ed strategy below. However, once the governor had signed the bill with Zillow present at the signing, GR became comfortable with some degree of public encouragement of the effort, enabling us to engage on social and with employees, as reflected below.

## Tactics

- External:
  - Worked with brokers in WI on an op ed, advising them in op ed structure and where and how to pitch. Target outlets: Milwaukee Journal Sentinel (no response), Cap Times (no response)
  - Worked with brokers to reframe op ed into LI post that has been reposted by Beth Wanless (GR) and Scott Marcelle (Industry Affairs); Scott is also sharing the post and news of the bill with industry connections throughout WI and at the national level (e.g., James Dwiggins, Summer Goralik) to encourage their engagement
    - 12.23 update: Summer Goralik may write something about this
  - Jen Butler may repost with a message and in that case, we'll be able to engage from our Zillow LI account as well
  - We celebrated the legislation in the 12.19 issue of our Capitol Z newsletter and will use this bill elsewhere as an example of a positive effort from state legislators
- Internal: Shared news of bill signing with Zillow staff 12.12 via post by Jen

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

Message bank

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012911

**All-up messaging**
*State-specific messaging can be found on state tabs*

Quote:
"Zillow was founded on the principle of transparency for consumers, so we support lawmakers' efforts to ensure that everyone can see home listings and compete fairly for houses that would work for their family and budget. We also support efforts to make sure sellers know what they're getting into if they agree to market their home to a limited group. Research shows that sellers, on average, lose money when listing on a private network."

Point reporters to:
- Zillow's study about how private listings in Chicago reinforce segregation
- An op-ed by the HOPE Fair Housing Center CEO, in support of last year's bill in IL
- A story by NBC Chicago about PLNs and segregation
- An op-ed in Housing Wire regarding the WI bill

**Messaging in opposition**

C media statement for WA bill:
"This bill is a veiled attempt by NWMLS and Zillow to preserve their market dominance by restricting homeowner choice and limiting competition, to the detriment of sellers and agents alike. Compass believes Washington homeowners deserve the same flexibility to choose when and where to market their homes as homeowners in every other state. Every other state offers flexibility that allows homeowners to test pricing, gain critical positioning insights, retain their privacy and confidentiality, and generate early demand without public price reductions or days on the market."

C media statement for bills generally:
"These bills are veiled attempts by Zillow to preserve its market dominance by restricting homeowner choice and limiting competition, to the detriment of sellers and agents alike."

C action alert opposing WA bill (source - Anna B):
SB 6091 seeks to mandate that all homes be bought and sold in the same way, but sellers and buyers have very different needs. Some want maximum exposure right away. Others value privacy and confidentiality over maximum exposure. This Bill

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012912

particularly harms vulnerable groups like low-income and elderly citizens. By restricting the freedoms that exist for home sellers and buyers in every other state, SB 6091 removes the inherent rights of Washingtonians to choose how to buy and sell their homes.

SB 6091 would harm seller and buyer choice and would not ameliorate the affordability issues that buyers face. It only stands to benefit out-of-town corporate interests that already take homes away from hard-working Washingtonians.

SB 6091 does nothing to advance fair housing. Instead, it strengthens already dominant platforms that use their market power to shape how homes are bought and sold in Washington for their own benefit and to the detriment of consumers. These practices are currently being challenged in federal court, and locking them into state law while those cases are pending would only reduce choice for Washingtonians.

For these reasons, I urge you to oppose SB 6091 or support an amendment that allows home sellers to opt out.


Resources

Comparison of PLN bills (from Stuart) - Here is the table embedded in our broader document (I pulled it out for the broader CorpAffairs call to avoid confusion). https://docs.google.com/document/d/1AOXMnxJhON9a30XpRGlx5PAll5sZ9psHvAq6LejFTEY/edit?tab=t.hmlswe5gnkt

At the bottom of the doc from 2025, you can see some of the documents we already created that might be of interest. Specifically the One-Page Handout on PLNs and the State Testimony Template that needs some tweaking for different states, but is a baseline for testimony that never came to fruition in OH and FL.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012913

Coverage

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -
SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012914

**DX489 - page 66 of 67**

# **COVERAGE**

## *Wisconsin*

- HousingWire op-ed 1.13.26: Wisconsin law could reshape transparency in real estate (PDF)
- The Real Deal: High-end Lake Geneva market to test Wisconsin's public listing law (PDF)

## *Washington state*

- Inman 1.12.26: Washington to consider requiring all listings to be marketed publicly (PDF)
- Real Estate News 1.13.26: Washington Realtors backs bill targeting private listings (PDF)
- HousingWire 1.13.26: Lawmakers move to restrict private listings in Washington (PDF)
- RIS Media 1.14.26: Washington state floats bill severely restricting private home listings (PDF)
- The Seattle Times 3.6.26: Want to sell a WA home? Your broker can't keep it hush-hush (PDF)
- PSBJ 3.18.26: WA bans private listings as brokerages clash over home marketing

## *Illinois*

- Real Estate News 1.5.26: Illinois pocket listings bill returns with narrower scope (PDF)
- HousingWire 1.5.26: Illinois bill targets private real estate listings with new disclosure rules (PDF)
- The Real Deal 3.9.26: Illinois lawmaker introduces Zillow-backed bill to restrict private real estate listings (PDF)

## *Multiple*

- HousingWire 2.25.26: Beyond pocket listings: How states are filling real estate's regulatory void (PDF)
- Inman 3.3.26: See which states are looking to limit private real estate listings
- HousingWire 3.3.26: Connecticut bill targets private real estate listings

## *New York*

- The Real Deal 4.9.26: New York latest state to consider law on private listings

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

ZG-MC-00012915